THE STATE OF WISCONSIN ex rel. PFISTER vs. THE MAYOR AND BOARD OF ALDERMEN OF THE CITY OF MANITOWOC.

*May 10 — June 4, 1881.*

*Mandamus.*

On the hearing of an order to show cause why a peremptory *mandamus* should not issue in this case, to enforce the levy and collection of a tax to pay interest upon bonds of a city, the validity of the bonds was questioned by the city, and various questions, both of law and of material facts affecting their validity, were raised. *Held*, that it was error to grant the writ before the relator had established his right in an ordinary action at law.

APPEAL from the Circuit Court for *Manitowoc* County.

*Mandamus.* The petition of the relator alleges that the Milwaukee, Manitowoc & Green Bay Railroad Company was incorporated and organized under ch. 242, P. & L. Laws of 1870, and was thereby empowered to locate, construct and maintain a railroad from the city of Milwaukee to the cities of Sheboygan, Manitowoc and Green Bay; that by said act the towns and cities along the proposed line of said railroad were authorized to vote aid thereto; that the said company located its route through the city of Manitowoc, and duly certified such location to the authorities of that city; that, pursuant to the authority granted, the authorities of said city called a special election to determine the question whether aid should be granted to said company; and that at such election a

majority of the votes cast was in favor of granting such aid. It further states that the name of said company was changed to Milwaukee, Lake Shore & Western Railroad Company, under which name said company was entitled to the aid voted; that the said city, pursuant to said vote, subscribed for and took 750 shares of the capital stock of said Milwaukee, Lake Shore & Western Railroad Company, and delivered to said company its corporate bonds for the aggregate sum of $75,000, with coupons for each year's interest, payable as conditioned in the bonds; that the petitioner is the lawful holder of eighteen of said bonds, each for the principal sum of $1,000, and of eighteen coupons for interest, each for the sum of $70, all of which fell due November 1, 1879; that the city had paid all the interest on said bonds falling due prior to and on November 1, 1878, but refused to pay the interest which fell due November 1, 1879; that the defendants, the mayor and aldermen of said city, have neglected and refused to levy any tax for the payment thereof, and give out that they will not levy any tax for such purpose; and that they have not established a sinking fund for the redemption of such bonds, and have not levied any tax for such sinking fund.

A copy of one of the bonds, annexed to the petition, recited, in effect, the chartering of the Milwaukee, Manitowoc & Green Bay Railroad Company by said ch. 242, P. & L. Laws of 1870; the authority therein contained to vote aid to said company; that the company, May 15, 1872, certified to the common council of the city that the route of said railroad had been located through the city, as the fact was; that the company and common council had negotiated and arranged terms and conditions upon which such aid should be granted; that such election was had June 7, 1872, and a majority of the votes cast thereat were in favor of granting such aid; that pursuant to law the name of the company had been changed to the Milwaukee, Lake Shore & Western Railroad Company, by which it had since been known; and that the mayor and city

clerk, for and in behalf of the city, subscribed for and took 750 shares of the capital stock of said company; and in consideration thereof the city acknowledged itself to owe, and thereby promised to pay, to the Milwaukee, Lake Shore & Western Railroad Company, or bearer, the sum named and interest at the times named; in witness whereof the common council caused the same to be signed and countersigned.

Upon such petition an order was granted directing the defendants to show cause why a writ of *mandamus* should not issue to compel them to levy a tax upon the taxable property of the city of Manitowoc to pay the interest on such bonds and to establish a sinking fund for their redemption at maturity. Defendants appeared and filed an affidavit denying that the city of Manitowoc, or the qualified voters thereof, ever voted any subscription to the capital stock of the Milwaukee, Lake Shore & Western Railroad Company, or ever, in any way, authorized or consented to the issuing of any bonds to said company. The affidavit further states that the proposition submitted and voted upon was one to aid the Milwaukee, Manitowoc & Green Bay Railroad Company, a corporation chartered to build a road from Milwaukee, via Ozaukee, Sheboygan and Manitowoc on northerly to Green Bay, without any material deviation from said route; that, at the time of such vote, it was expressly represented to the voters of said city, by the duly authorized officers of said company, that such aid would secure the early completion of said road to Manitowoc and on northerly to Green Bay; that at or about the time of such vote, a corporation known as the Appleton & New London Railroad Company owned and operated a road from Manitowoc westerly to Appleton; that about the time of said vote, and before the subscription to the capital stock of the Milwaukee, Manitowoc & Green Bay Railroad Company was made, the said company and the Appleton & New London Railroad Company consolidated, and organized the Milwaukee,

Lake Shore & Western Railroad Company, and abandoned the original route of the company first-named between Manitowoc and Green Bay, and adopted, instead thereof, the route of the Appleton & New London Railroad Company from Manitowoc to Appleton, being a material deviation from the route of said Milwaukee, Manitowoc & Green Bay Railroad Company; that such change of route was made without the knowledge or consent of the voters of the city of Manitowoc; that such voters never authorized the issuing of bonds to any company to aid in building a railroad by said route; and that the bonds described in the petition are void because of such change of route made prior to their issue. The affidavit further denies that the said city ever received any stock of either of said companies as a consideration for such bonds; and it alleges that the relator had knowledge of the change of route aforesaid prior to his becoming the owner of the bonds described in his petition; that no demand has ever been made by the relator upon the lawful authorities of said city for the payment of the coupons attached to said bonds; and that the said city has made provision for funding all of its indebtedness. It also contains a general denial of the allegations of the petition. An additional affidavit was also filed by the defendants, stating that it did not appear from the petition of the relator that the said bonds were registered by the secretary of state in his office, as required by ch. 48, Laws of 1871.

The circuit court ordered a peremptory writ of *mandamus* to issue; and from that order the defendants appealed.

*Estabrook & Walker*, for appellants.

*E. Mariner* and *C. A. Hamilton*, for respondent.

CASSODAY, J. A peremptory writ of *mandamus* is an extraordinary remedy to coërce the performance of a preëxisting duty, or clear and specific legal right, and hence should be granted only where the duty or right is clearly established,

and the facts upon which it is based are undisputed. That such is the law would seem to be well established by the decisions of this and other courts.

In *State ex rel. Lord v. Washington Co.*, 2 Pinney, 555, it was held that the writ "only issues in cases where there is a specific legal right to be enforced, or where there is a positive duty to be, and which can be, performed, and where there is no other specific legal remedy."

*State ex rel. Kane v. Larrabee*, 3 Pinney, 166, was an alternative writ of *mandamus* to compel the judge to vacate and strike from an order or decree words which had been added by way of amendment after the entry; and Judge WHITON said: "All the authorities concur in sustaining the position that a *mandamus* will not be granted to a relator for his relief, except where he has a specific legal right to be affected by it." Page 168.

In *The State ex rel. Carpenter v. Hastings*, 10 Wis., 518, it was held that "a motion to quash an alternative writ of *mandamus* will be granted unless the relation shows a clear right to the writ."

In *The State ex rel. Spaulding v. Elwood*, 11 Wis., 17, it was held that an application for an alternative writ of *mandamus* "must show clearly and affirmatively that the relator is entitled to the right claimed."

In *Schend v. Aid Society*, 49 Wis., 237, it was held that, "in the circuit courts a rule to show cause why a peremptory *mandamus* should not issue should be allowed to supersede the alternative writ *only* in cases where, after a hearing upon the rule, no issue of fact appears to be involved." In giving the opinion of the court, LYON, J., said: "If the cause shown against the issuing of the writ presents an issue of fact on a material averment made in support of the order, we think the court should not try such issue of fact on affidavits, but should award an alternative *mandamus*, to the end that after return thereto the issue may be duly and regularly tried in the man-

The State of Wisconsin ex rel. Pfister vs. The Mayor, etc., of Manitowoc.

ner prescribed by statute and the rules of court. . . . If the respondent is heard in opposition to the application, and there is no dispute about the facts, the application being well founded in law, a peremptory *mandamus* may be granted in the first instance." Page 241.

The same rules prevail in other states. *The Free Press Association v. Nichols*, 45 Vt., 7; *The People v. Chenango Co.*, 11 N. Y., 563; *Commonwealth v. Allegheny*, 37 Pa. St., 277; *The People v. The Mayor of New York*, 25 Wend., 680; *The People v. The Canal Board*, 13 Barb., 442; *The People v. Thompson*, 25 Barb., 73; *Reeside v. Walker*, 11 How., 272; *The People v. Oldtown*, 88 Ill., 202; 2 Dillon, Mun. Corp., § 830 (667). The federal courts go so far as to hold that the claim must be put into judgment before a *mandamus* will be allowed to enforce the levy and collection of a tax for the payment of the claim. *Heine v. The Levee Com'rs*, 19 Wall., 655; *Bath Co. v. Amy*, 13 Wall., 244; *Walkley v. Muscatine*, 6 Wall., 481.

But state courts have, generally, so far relaxed the rule as to hold that where there is a clear duty to levy and collect a special tax to pay a special debt or class of debts, and where the genuineness of the debt is not questioned, and no valid defense is alleged or claimed, the levy and collection may be enforced by *mandamus* without a prior judgment at law. *Commonwealth v. Pittsburgh*, 34 Pa. St., 496; *Commonwealth v. Allegheny*, 37 Pa. St., 277; *Commonwealth v. Allegheny*, 32 Pa. St., 218; *Maddox v. Graham*, 2 Met. (Ky.), 56; *The State of Ohio v. Clinton Co.*, 6 Ohio St., 280; 2 Dillon, Mun. Corp., § 853 (688). But here the validity of the bonds was controverted. The alleged change of name, as well as other facts, was denied, and consolidation with another company and change of route, between the time of voting and issuing of the bonds, and other facts, were set up by way of defense. In *Næsen v. Port Washington*, 37 Wis., 168, it was held that this alleged change in the character of the enterprise contem-

The State of Wisconsin ex rel. Pfister vs. The Mayor, etc., of Manitowoc.

plated by the company was fundamental, and such as to release the non-assenting stock subscribers from the payment of their subscriptions, and that tax-payers of the town could restrain the town, its officers and the railroad company from issuing bonds in payment of such subscription. It is claimed, upon the one hand, that the M., M. & G. B. R. R. Co. was not authorized to consolidate, as alleged, and on the other hand, that, as the A. & N. L. R. R. Co. had power, by statute, to consolidate with any other, such power included the power of the first-named company to so unite, although not named in the statute; and 67 N. Y., 371, is cited in support of the position. It is also claimed upon the part of the city that, as the alleged change of name was denied, the court was bound to assume on the hearing that the aid was voted for one company, and subsequently the bonds were issued by the mayor and clerk to another and entirely different company, and without any vote authorizing the same. It is not our purpose to consider these questions upon this appeal. We refer to them merely to show that the right insisted upon is based upon disputed material facts, and hence was not clearly established. Since the validity of the bonds was thus controverted, and in view of the well-settled practice of the courts, as above indicated, we think the writ should have been withheld until the plaintiff had established their validity in the usual method, by action at law.

It follows that the judgment of the circuit court must be reversed, and the cause remanded with directions to dismiss the proceedings, but without prejudice.

*By the Court.*— So ordered.