UNITED STATES *ex rel.* MORAN *et al. v.* CITY of ELIZABETH *et al.*

(*Circuit Court, D. New Jersey.* March 25, 1890.)

MANDAMUS—NOTICE—ALTERNATIVE WRIT.

An alternative writ of *mandamus* commanding a city, and certain of its officers, to perform certain acts necessary to the raising of a tax to satisfy relators' judgment against the city, and "such persons as may be elected to fill vacancies in the board of revision and assessment" to accept that office, qualify, and assess a tax, is bad on demurrer, it showing that some against whom it is directed have had no notice, and are not ascertained.

*Mandamus.*
*Strong & Mathewson,* for relators.
*Mr. Bergen,* City Sol., for defendants.

GREEN, J. This matter comes before the court upon a demurrer interposed by certain of the defendants to an alternative writ of *mandamus,* directed to "the city of Elizabeth, the comptroller, the treasurer, the president and members of the city council, and the board of assessment and revision of taxes, of said city, and to such persons as shall be elected, in pursuance hereof, to fill vacancies in said board of assessment and revision of taxes." The writ recites the recovery of the judgment against the city of Elizabeth; the issuing of the writ of execution thereon; the return of that writ, wholly unsatisfied, by the marshal of the district, there being no property belonging to the city whereon to make levy; the service of a copy of the writ by the marshal according to law, but upon whom such service was made not being stated; that the board of revision of taxes in said city consists of one person from each of the eight wards of the city, which board acts as the assessor of said city; that, ever since rendition of relators' judgment said board has not been in existence, on account of the resignation of its members and the failure to qualify of the persons elected thereto; that the said board is required by law, and it is its duty, to assess the taxes in and for said city, and of such persons as are elected to fill such vacancies to accept said office, and to qualify to fill the same, and of said board of assessment and revision of taxes to meet and assess taxes, and do and perform each and every other act required by law to be performed by them in relation thereto; that it is the duty of the city of Elizabeth to levy, assess, and collect a tax sufficient to discharge the relators' said judgment; that it is the duty of the city council of said city to levy, raise, and collect said tax, and to fill any vacancies in said board of assessment and revision of taxes of said city; that it is the duty of the comptroller of said city, upon the levying and the assessment of said tax, to collect, or cause the same to be collected, as provided by law, and paid to the treasurer of the city; that it is the duty of the said treasurer, upon receiving said tax, to pay the same to the marshal of this district; that the said defendants have failed, neglected, and refused to perform the said several respective duties; that the persons elected to fill vacancies in the board

of assessment and revision of taxes have not accepted said office, or qualified to fill the same, and have not forthwith met and assessed said tax. The mandate of the writ is that the said city of Elizabeth, as a municipal corporation, and the said other defendants, do perform the various acts recited in said writ as duties owing by them, respectively, and that "such persons as may be elected to fill vacancies in the board of revision and assessment of taxes do accept such office, and forthwith qualify to fill the same, and forthwith do meet and assess said tax directed to be levied by the city council, or show cause why they have not so done." To this writ the defendants have demurred.

An alternative writ of *mandamus*, being regarded as the foundation of all the subsequent proceedings in the cause, is in its nature analogous to a declaration in an ordinary suit at law, and is subject to the same rules of pleading. *Rader* v. *Union*, 43 N. J. Law, 518. It must show upon its face a clear right to the relief demanded, and the material facts on which the relator relies must be distinctly set forth. *People* v. *Westchester*, 15 Barb. 607. Especially must the matter of inducement stated in the alternative writ include everything necessary to show jurisdiction over the subject of the writ, and to warrant its mandate. High, Extr. Rem. § 537. Applying these principles to the writ in question, it becomes apparent that it cannot be sustained. A court, before it grants a *mandamus*, must be convinced that there has been a demand, made by a party having a right to make it, for the performance of the duty sought to be enforced, and a refusal to perform it by the party against whom the application is made. If a writ fails to show clearly and convincingly such a state of affairs, it is bad. Now, upon examination of this writ, it is found that it commands certain persons, not named, who may hereafter, perchance, be elected by the common council of the city of Elizabeth to membership in the board of assessment and revision of taxes in that city, to take the steps necessary, after such election, to qualify themselves to become members of that board, and to perform the duties such membership casts upon them. Just how the relators became vested with a right to demand the enforcement of such a duty, alleged to be owing by persons unknown and unidentified, and who certainly have never had cast upon them, to the knowledge of the court, the burden of the performance, is very difficult to conceive. How can there be existent a right to the performance of a "duty," so called, if the duty itself be non-existent? It is true that circumstances may cause such duty to arise in the future, but we are dealing with the present; and, up to this time, it will not be contended that the duty whose performance is sought to be enforced by this writ has become due from any person. There are, admittedly, certain precedent formalities which must be complied with. The common council of the city of Elizabeth must exercise its prerogative of choosing members of the board of assessment and revision of taxes before the duty of qualifying for such office can be owing by any one. Until such choice is made, the duty lies dormant—is in abeyance—as to every person eligible for membership in that board. Where one is chosen by the

council, for the first time does this duty arise. Then, for the first time, is he who has been chosen placed under an obligation of performance; and then would the failure to perform, authorize and empower the court to compel performance by its *mandamus;* for not until then could a demand for performance be made, nor could a refusal of such demand be interposed. This writ, therefore, plainly demands more than the relators are entitled to have awarded to them. In such case it is held, without exception, that the writ is bad upon demurrer, and that judgment must be given for the defendants; for the court cannot be called upon to distinguish and separate the good pleading from the bad, and treat the latter as mere surplusage, and of no weight or effect. On the contrary, the fault taints the whole writ, and it must be set aside in its entirety.

This conclusion makes it unnecessary to consider other objections to the writ which were urged upon the argument. But I think it proper to say that the effect of Judge Nixon's opinion in *Moran* v. *City of Elizabeth*, 9 Fed. Rep. 72, was to adopt as the practice of this court in causes, similar to this, involving the collection of judgment debts from municipal corporations, the practice which obtains in the state of New Jersey, as prescribed by the act entitled "A supplement to an act entitled 'An act respecting executions,'" approved March 27, 1878, (Laws N. J. 1878, p. 182.) And, therefore, to entitle judgment creditors to a preemptory writ of *mandamus* to enforce the payment of their judgment, the requirements of that act must be strictly complied with. The defendants are entitled to judgment upon demurrer.