Roberts vs. The Wisconsin Telephone Co.

ROBERTS, Respondent, vs. THE WISCONSIN TELEPHONE COMPANY, Appellant.

*September 29 — October 14, 1890.*

*Telephone companies: Obstruction to use of highway: Court and jury.*

1. Under a statute allowing telephone lines to be constructed and maintained along a public highway provided they do not obstruct or incommode the public use of such highway, telephone poles erected from four to six feet from the fence in an almost perfectly level highway are not such obstructions as render the company liable for personal injuries caused by runaway horses colliding with one of such poles.

2. The question whether the telephone company by placing its poles in the highway as stated, was negligent, or was guilty of a breach of legal duty, might properly be determined by the court on demurrer to a complaint setting forth the facts.

APPEAL from the Circuit Court for *Dane* County.

The facts alleged in the complaint are sufficiently stated in the opinion. The defendant appeals from an order overruling a general demurrer.

For the appellant there was a brief by *Miller, Noyes & Miller*, and oral argument by *B. K. Miller, Jr.*

For the respondent there was a brief by *Lewis, Pfund & Briggs*, and oral argument by *H. E. Briggs*. They contended, *inter alia*, that the defendant was required to erect its poles so that they should not obstruct or incommode the public use of the highway. Sec. 1778, R. S. As against the defendant the right of the public to use the highway in question was not confined to the traveled track, although a town is only bound to maintain the latter. Wood, Nuis. (2d ed.), sec. 248; *Dickey v. Maine Tel. Co.* 46 Me. 483; *Comm. v. King*, 13 Met. 115; *Johnson v. Whitefield*, 18 Me. 286, 36 Am. Dec. 721. The question whether a telephone pole set some four feet from the fence in an almost perfectly smooth and level highway obstructs or incommodes the public use thereof, is one for a jury to determine. *King v. Oshkosh*, 75 Wis. 519; *Comm. v. Franklin*, 133 Mass. 569; *State v. M. & E. R. Co.* 25 N. J. Law, 437; *Winter v. Peterson*, 24 id. 524; *Blanc v. Klumpke*, 29 Cal. 156; *Bell v. O. & P. R. Co.* 25 Pa. St. 161; Thomp. Trials, secs. 1887–91; Wood, Nuis. (2d ed.), sec. 249; *Kenworthy v. Ironton*, 41 Wis. 647; *Whitney v. Milwaukee*, 57 id. 639; *Seefeld v. C., M. & St. P. R. Co.* 70 id. 221.

COLE, C. J. This is an action for personal injuries. It appears from the complaint that the plaintiff was riding with another man in a buggy along the highway, which was almost perfectly level and without any banks, borders, ditches, or rough or uneven places, or obstructions of any kind in it, except telephone poles which were set in the highway eleven rods apart, and about four or six feet south from the fence on the north side thereof. There were three traveled tracks about equally used by the public for traveling. The track on the north side of the highway was about eight feet from the fence on the north side of said highway,

and about three feet from the telephone poles. The team was traveling on this north track, and it is alleged the horses were gentle and tractable, and were under the control of the driver when they were stopped to enable the plaintiff to get out of the buggy. While in the act of alighting from the buggy the horses were frightened by a team coming from behind, and ran along the highway, coming in collision with a telephone pole, and the plaintiff was thrown forward from the buggy, in which he had regained his seat, and was endeavoring to stop the horses, and sustained the injuries of which he complains.

Now, does the complaint state a cause of action? It appears to us that it does not. The only act of negligence complained of on the part of the defendant is the placing of telephone poles in the highway where they were set. These poles, as we have stated, were set from four to six feet from the fence on the north side of the highway, which would leave just room enough to permit the cross-arms on the poles to be entirely over the highway. Was it lawful to place these poles in the highway? The statute authorizes any corporation formed to build and operate telegraph lines or conduct the business of telegraphing to construct and maintain its lines, with all necessary appurtenances, along a public highway. Sec. 1778, S. & B. Ann. Stats. And in *Wis. Telephone Co. v. Oshkosh*, 62 Wis. 32, it was held that the statute included telephone companies, although such companies were not specifically mentioned therein. The poles then were not unlawful structures in the highway, but were authorized by law to be set therein. It is true the statute in effect declares that no telephone line or any appurtenance thereto shall at any time obstruct or incommode the public use of the highway. Assuming the facts as to the location of the telephone poles to be as alleged in the complaint, we think they did not show any actionable negligence. They would certainly constitute no

obstruction to the use of the highway, nor would the team have collided with them if it had been under the control of the driver and properly managed. It was the fright and unmanageableness of the horses which was the real cause of the accident. If the horses had not run against the pole they probably would have run into the fence, and caused an injury to life or property. For, as observed by the defendant's counsel, it is impossible to so arrange the surface of a highway that it will be safe for a runaway team to speed upon it. And this court has said that "it is not the duty of towns to provide roads which shall be safe for runaway or unmanageable horses, or such as have escaped from the control of their drivers without the fault of the towns; and where injuries are sustained under such circumstances, it appearing that otherwise they might not have been sustained, the loss must fall upon the owners whose misfortune, if not whose fault, it is that they so happened." *Jackson v. Bellevieu*, 30 Wis. 250, 258. It is stated in the complaint that the highway where this accident occurred was almost perfectly level, with no ditches or rough or uneven places in it, there being nothing within the entire width to prevent a team from passing over it in safety, except the telephone poles set near the fence. These poles could not have been placed nearer the fence without encroaching upon the adjoining property. They seem to have been set with due care, and it is plain that they did not and could not have obstructed or incommoded the public use of the highway. We feel constrained to so hold upon the facts alleged.

The plaintiff's counsel suggests that the question whether the telephone poles incommoded the public use of the highway was one for a jury to determine. That certainly is not the correct view where a question of law is raised by demurrer. It is for the court then to decide whether, the facts being admitted, a cause of action is stated. Of course

the defendant confessed the facts to be as alleged, but denies that by the law arising on the facts the plaintiff should recover any damages.    So here the court must say whether the defendant, by setting its telephone post in the place and manner described, was negligent, or was guilty of a breach of legal duty.    We are clearly of the opinion that no actionable negligence is shown.    The team could have passed along the highway in safety if the horses had not taken fright at the team coming from behind, and ,become unmanageable.    That the horses ran against or struck the telephone pole was the fault or misfortune of the driver. The demurrer to the complaint should have been sustained.

*By the Court.*— The order overruling the demurrer is reversed, and the cause is remanded to the circuit court for further proceedings according to law.