THE STATE EX REL. WISCONSIN TELEPHONE COMPANY, Appellant, vs. CITY OF SHEBOYGAN and others, Respondents.

*April 26—May 13, 1902.*

*Telephone companies: Use of streets: Extensions: Grant of franchise.*

A telephone company having a franchise and right, under sec. 1778, Stats. 1898, to construct and maintain its lines upon the streets of a city and to extend such lines from time to time, submitted for approval its plans for an extension, pursuant to a city ordinance requiring such plans to be approved by the council. *Held,* that it thereupon became the duty of the council to take affirmative action recognizing the company's right, and that such duty was not affected by the subsequent adoption by the city of secs. 940c–940i, Stats. 1898, regulating the selling of franchises.

APPEAL from an order of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Miller, Noyes & Miller,* and oral argument by *Geo. P. Miller.*

*T. M. Bowler,* for the respondents.

CASSODAY, C. J. It appears from the record that February 17, 1900, the relator filed in the trial court its petition for an alternative writ of *mandamus* to compel the city and its common council and officers to grant the petition of the relator, dated August 31, 1899, and submitted to the common council September 11, 1899, with the plan made by the relator,— copies of both of which were thereunto attached,—and to approve of such plan, and for such other, further, and different relief as may be just and equitable. To such petition the defendants made return March 26, 1900. To such return the relator demurred for insufficiency April 12, 1900. From an order overruling such demurrer the relator appealed to this court. On June 20, 1901, that order was reversed by this court, and the cause was remanded with directions to sustain the demurrer to the return, and for further proceedings according to law. 111 Wis. 23, 41, 86 N. W. 657. The substance of such petition and return are stated in the report of the case, and no repetition here is necessary.

Upon the *remittitur* being filed, the defendants, with leave of the trial court, filed an amended return August 20, 1901, containing the substance of what was contained in the original return, and in addition also alleging, in effect, that upon a petition signed by ten per centum of the qualified electors of the city, and filed with the city clerk twenty days prior to the general election held November 6, 1900, the question of granting franchises by the common council as prescribed by sec. 940*j*, Stats. 1898, was submitted to a vote of such electors, and 1,494 of such electors voted in the affirmative, and 301 in the negative, and that thereupon secs. 940*c* to 940*i* of the Statutes of 1898 became and continued to be in force, and applied to the city of Sheboygan, and that the defendants had "no power or authority to act contrary to such sections"; that August 15, 1901, preambles and a resolution were adopted by the common council, reciting the petition of the relator, dated August 31, 1899, and so submitted September 11, 1899,

and also the adoption by the qualified electors of the city of the right to grant franchises as ·prescribed by secs. 940c to 940i, Stats. 1898, and that rules and regulations for the maintenance and operation of the extension of the relator's telephone plant, and the conduct of its business, be, and the same were thereby, established, to the effect that poles might be set and wires run upon the streets as therein prescribed; the manner of conducting its central exchange, and its attendants; the quality and condition of the wires; the maximum rate of charges to persons or customers; the manner of erecting and placing all poles, wires, and appurtenances; and that bids for such franchise should be advertised as therein prescribed, and that, in case the relator should make the highest bid, such franchise should be granted to it upon making the requisite deposit and giving the requisite bond; that after the passage of such resolution, August 15, 1901, the common council did so advertise for bids for such franchise up to and including October 1, 1901; that the relator had not submitted any bid pursuant to such advertisement; that by such resolution the defendants had complied with the law with reference to such petition; and that in and by such resolution the defendants had exercised their discretion and judgment in the premises. The relator demurred to such amended return on the ground that it does not state facts sufficient to constitute a defense, or any reason why the peremptory writ of *mandamus* should not issue. From the order overruling such demurrer the relator brings this appeal.

It is conceded in the amended return, as it was in the original return, that the relator was in 1882 duly incorporated and organized for the purpose of conducting a telephone business under ch. 86 of the Statutes of this state. See secs. 1771, 1775, 1778, Stats. 1898; *Wis. Tel. Co. v. Oshkosh,* 62 Wis. 32, 21 N. W. 828; *Roberts v. Wis. Tel. Co.* 77 Wis. 589, 46 N. W. 800; *Marshfield v. Wis. Tel. Co.* 102 Wis. 604, 78 N. W. 735; *Krueger v. Wis. Tel. Co.* 106 Wis. 96, 81 N. W.

1041. Under such statutes, as construed by the cases cited, it was held by this court on the former appeal, in effect, that the relator had, as against the public, authority to occupy the streets of the defendant city, and to build and operate telephone lines therein, and to conduct the business of telephoning therein, and might construct and maintain any such lines, with all necessary appurtenances, from point to point upon or along or across any of such streets, "or upon the land of any owner consenting thereto, and from time to time extend the same at pleasure," subject, however, to such conditions, restrictions, and regulations as are or may be prescribed by law. In the opinion of this court on that appeal, Mr. Justice Bardeen, among other things, said:

"The right to construct and maintain poles in city streets is as ample and positive as to build in the country highways, except that it may be subject to stricter police regulations, as will be more fully discussed in a subsequent portion of this opinion." 111 Wis. 33, 86 N. W. 657.

And then, after discussing such police powers at some length, he further said:

"Construing the charter and the statute in the light of the rules of law stated, the city has authority to exercise its police power to protect the public from unnecessary obstructions, inconvenience, and danger, and to determine in what manner the relator may erect its poles so as to accomplish this result. . . . It has no authority to impose other conditions. That power rests in the legislature. The power to regulate charges was not included in, or incidental to, the power to regulate the manner of using streets. There is not the remotest relation between them. The attempt of the city to justify its position on that ground must fail."

And in conclusion it is said that the relator

"presented its petition, with a plan of its proposed improvements and extensions. It signified its willingness to submit to such changes as were deemed for the best interest of the city. It then became the duty of the city to take affirmative action. What that action should be, the court has no power

to declare. It can only say 'act,' and let such action be in harmony with the powers granted in the charter, as herein construed.' "

Instead of so acting, the defendants, by the amended return, declare that they "have no power or authority to act contrary to secs. 940c to 940i, so adopted by the qualified electors of the city November 6, 1900," as mentioned in the statement of facts. The defendants further excuse their nonaction by reason of the failure of the relator to bid for the franchises which the city was authorized to grant by virtue of such sections and the resolution adopted by the common council August 15, 1901, as mentioned in the foregoing statement. But the relator has not obtained, nor sought to obtain, any franchise from the common council. As indicated, long prior to such action on the part of the city the relator had obtained such franchises and authority directly from the state, under the general statutes cited. Such statutes were not repealed, amended, or suspended by such action on the part of the city November 6, 1900, and August 15, 1901. Nor were such franchises and authority of the relator in any way destroyed or impaired by such action on the part of the city. It follows that such amended return does not state facts sufficient to constitute a defense, or any legal justification for disobeying the command of the alternative writ of *mandamus.*

*By the Court.*—The order of the circuit court appealed from is reversed, and the cause is remanded with directions to sustain the demurrer to the amended return, and for further proceedings according to law.