Commonwealth ex rel., Appellant, v. City of Pittsburg.

*Mandamus—Municipalities—Councils—School board.*

The inconvenience to the councils and other officers of a city, or even to the taxpayers, is not in general sufficient reason for denying a mandamus.

Where a school board has power to make a requisition upon councils for an appropriation, but makes the requisition in an ambiguous way which misleads councils into refusing one of the items, the court will not grant a mandamus against councils, but will let the matter go over until the next annual requisition.

Argued May 3, 1904.   Appeal, No. 88, Oct. T., 1904, by

plaintiff, from order of C. P. No. 2, Allegheny Co., April T., 1904, No. 880, refusing a mandamus in case of Commonwealth ex rel. The Central Board of Education of Pittsburg v. Mayor Select and Common Councils of the City of Pittsburg. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Petition for mandamus.

From the pleadings it appeared that the relator before the second Monday of January, 1904, certified to councils a resolution by which it fixed the appropriation for educational purposes for the year beginning February 1, 1904, at $1,375,000.

An itemized statement of the expenses for which the money was appropriated was made a part of the certificate. This statement showed among a large number of other items, one item for purchase of property, $100,000, and another for new high school building, $200,000. Sometime thereafter the finance committee of the councils received at their request from the secretary of the central board a copy of the contract made by that board for the purchase of a site for a high school, which consisted of an offer of the owner and the resolution of the board accepting it. The offer was to sell a certain tract of land to the central board for $300,000, $100,000 of which was to be paid in cash, or before April 1, 1904. The resolution was to the effect that the proposition was accepted, " provided that no money be paid on this property until the appropriation for the same has been passed by councils." The defendants alleged that they understood the proviso above mentioned to mean that the acceptance of the offer to sell the ground by the central board was not absolute, but was conditioned upon the appropriation by the city councils of the money to pay for the same, and that by this proviso the central board had intended to submit to the judgment of the city councils whether or not the property should be purchased, and that, acting upon that understanding, and not approving the purchase, they passed the appropriation ordinance omitting the money required for this purpose.

The court refused a writ of peremptory mandamus.

*Error assigned* was the order of the court.

*S. S. Robertson*, for appellant.

*William Watson Smith*, assistant city solicitor, with him *W. B. Rodgers*, city solicitor, and *T. D. Carnahan*, for appellee.

PER CURIAM, May 23, 1904:

The inconvenience to the councils and other officers of the city of Pittsburg, or even to the taxpayers, is not in general sufficient reason for denying a mandamus. It is conceded, and indeed could not be denied under the terms of the act of 1878, that the authority to determine the amount of money necessary for conducting the schools is in the central board of education, and a requisition by the board is mandatory upon councils to make the appropriation. Being a public duty imposed by statute upon the municipality mere inconvenience of compliance is not sufficient reason for refusal to enforce obedience by mandamus.

But the board having the power to make requisition should do it in proper form and at proper time. Councils must adjust their expenditures to the municipal income, and to do this intelligently they are entitled to have all the required items of appropriation before them at the time when the law requires them to act. The requisition by the appellants in the present case was accompanied by an explanatory and itemized statement which showed among other things that $100,000 of the sum asked was for purchase of a site for a high school, under a contract which provided that "no money be paid on this property until the appropriation for the same has been passed by councils." This was understood by councils, not unfairly, to be a purchase of the land by the central board subject to the approval of councils. The latter apparently not approving the purchase, omitted that item from the appropriation. For this result the appellants are at least in equal fault with councils. It was their duty to make their demand in unambiguous terms which councils could clearly understand as being unconditional. Not having done so the inconvenience of the result should fall upon themselves. The matter therefore must go over until the next regular annual requisition.

Judgment affirmed.