STATE EX REL. WISCONSIN METROPOLIS TELEPHONE COMPANY, Respondent, vs. CITY OF MILWAUKEE and others, Appellants.

*September 5—September 24, 1907.*

*Telephone companies: Use of streets: Duty of cities to prescribe regulations: Proper application: Mandamus.*

1. When a telephone company has, by grant of the legislature, a franchise to lay or erect its wires in the streets of a city, it becomes the duty of the city, upon proper application being made, to prescribe such reasonable restrictions and regulations as it deems necessary respecting the use of its streets by such company.
2. Such duty of the city to prescribe regulations is legislative and in most cities, including Milwaukee, rests upon the common council.

3. *Mandamus* will not lie to compel action by the common council upon such a matter unless a proper application to the council for action therein has been made and denied.

4. A petition by a telephone company to the common council of Milwaukee, asking that it submit and refer to the board of public works an accompanying plan indicating the streets which the company wished to use and the manner in which it wished to use them, was not such a request or demand as imposed upon the council a duty to take any action in the matter.

Appeal from an order of the circuit court for Milwaukee county: Warren D. Tarrant, Circuit Judge. *Reversed.*

The relator caused to be served alternative writ of *mandamus* upon the appellants, who, besides the city, comprise the aldermen, mayor, and the members of the board of public works of said city. The petition upon which it is based alleges that the relator is a telephone company organized under the laws of this state; that on June 11, 1906, it presented a petition to the common council, which had annexed thereto a plan indicating the streets in *Milwaukee* upon which relator desired to run its lines, and specifying those where it proposed to set up poles and those where it desired to place wires underground. Such petition to the common council informed that body of the corporate character of the relator and that it was willing to comply with all reasonable rules and regulations. It closed with a prayer "that [its] petition, together with the map hereunto attached, may without unnecessary delay be submitted and referred by the honorable the common council of the city of *Milwaukee* to the board of public works of said city, to the end that the said petitioner may be advised as speedily as possible of the rules, regulations, and requirements with which it will be required to comply. . . . " A month later a petition, accompanied by a similar plan, was presented to the board of public works, praying them to take action upon the proposed system, to approve or finally amend the same, and prescribe proper rules

and regulations. The relation and writ asserted nonaction on the part of any of the city officers, and the writ commanded each and all of the appellants to act upon and approve that plan attached to the petition submitted to the common council above mentioned and to grant the prayer of that petition.

A joint motion to quash the writ made by all the appellants named therein was overruled, and from such order this appeal is brought.

For the appellants there was a brief by *John T. Kelly,* city attorney, and *Walter H. Bender,* assistant city attorney, and oral argument by *Mr. Bender.*

For the respondent there was a brief by *Bloodgood, Kemper & Bloodgood,* and oral argument by *J. B. Kemper.*

DODGE, J. The question here needing to be decided is a very narrow one. Counsel on both sides are agreed, as are the authorities in this state, that relator, being a telephone company, has by grant of the legislature a franchise to lay or erect its wires in the streets of the city of *Milwaukee,* but that such city has the power of reasonable police control and regulation over exercise of such franchise. The limits of this power have been suggested in several cases, notably in *Marshfield v. Wis. Tel. Co.* 102 Wis. 604, 78 N. W. 735; *State ex rel. Wis. Tel. Co. v. Sheboygan,* 111 Wis. 23, 86 N. W. 657; *S. C.* 114 Wis. 505, 509, 90 N. W. 441; *Wis. Tel. Co. v. Milwaukee,* 126 Wis. 1, 104 N. W. 1009. This power of regulation includes the prescribing of those streets upon which it is deemed consistent with the public good that the wires may be placed and those from which they should be excluded (*Marshfield v. Wis. Tel. Co., supra*); also method of construction so far as public welfare is legitimately concerned (*State ex rel. Wis. Tel. Co. v. Sheboygan, supra*). The company having this franchise, subject only to such police regulation, has a right to have prescribed, and the municipality owes a duty, upon proper application, to

prescribe, such restrictions and regulations as it deems necessary. In prescribing the same of course there is a broad field of legislative discretion which may be exercised, but the discretion is limited to that which is reasonably necessary and is consistent with the purpose of the general law giving to the company its right and franchise to conduct its business in and over the highways of the city. The city may not, under the guise of regulation, practically exclude such company. *State ex rel. Wis. Tel. Co. v. Sheboygan, supra; Le Feber v. West Allis,* 119 Wis. 608, 97 N. W. 203. Of course no duty rests on the city to approve a plan of streets or to prescribe regulations for such corporation until due application therefor is made, for otherwise the city is not informed that any such corporation is in existence or is desirous of using any of the streets.

This duty of the city above outlined is legislative. In *Milwaukee,* as in most other cities, it is primarily vested in the common council. Hence the specific duty of exercising this legislative discretion, to the end of promulgating reasonable provisions and regulations, rests upon that branch of the city government, and no provision of law or charter has been called to our attention giving to any other officer, board, or commission of the city any power or authority until after the council acts. As said in the first *Sheboygan Case* (111 Wis. 23, 41, 86 N. W. 657), when proper application is made it becomes the duty of the common council to act, but, since its act involves exercise of discretion, a court cannot in advance prescribe what that action shall be, but can and will in case of refusal command that some action be taken. They may be commanded to act, but not how to act. It is a principle thoroughly established, however, that courts will not exert their power, by the drastic writ of *mandamus,* as against public officers, to compel action in favor of an individual which has not prior thereto become definite and been clearly and unequivocally demanded of such officer. Espe-

cially is that principle applicable here, where generally no
duty to act rests either upon the city or any of its officers.
until informed of the desire of a company such as the re-
lator for action.  High, Extr. Rem. §§ 13, 41; 2 Spelling,.
Extr. Rem. (2d ed.) §§ 1381, 1447; 19 Am. & Eng. Ency.
of Law (2d ed.) 759, 761; *U. S. ex rel. Moran v. Elizabeth,*
42 Fed. 45; *Comm. ex rel. Cent. Board of Ed. v. Pittsburg,*
209 Pa. St. 333, 58 Atl. 669; *Wilson v. Board of Directors,.*
138 Cal. 67, 70 Pac. 1059; *State Board v. People ex rel.
Goggin,* 191 Ill. 528, 540, 61 N. E. 339; *Douglas v. Chat-
ham,* 41 Conn. 211, 237; *State ex rel. Hull v. Davis,* 17
Minn. 429; *State ex rel. Burns v. Elba,* 34 Wis. 169, 172;.
*State ex rel. Pfister v. Manitowoc,* 52 Wis. 423, 9 N. W.
607; *State ex rel. O'Donnell v. Benzenberg,* 108 Wis. 435,.
84 N. W. 858; *State ex rel. Board of Ed. v. Hunter,* 111 Wis.
582, 588, 87 N. W. 485.

As we have already said, the common council is the only
branch of the city government which is vested with author-
ity to first promulgate the plan and regulations under which.
the relator is to operate, and therefore the only body upon
which any legal duty rests.  The mayor and the board of
public works, therefore, are not shown at the present time to
be charged with any legal duty, and, had they separated in
their attack upon the proceedings, might well have been dis-
missed from consideration.  But when we turn to the situ-
ation presented by the proceedings taken by the relator we
find them barren of any request or demand upon the common
council to take any step which the law imposes upon that
body.  The sole request of the petition presented to it was.
that it refer the plan accompanying that petition to the
board of public works.  There is nothing pointed out in stat-
ute or charter imposing any such duty on the council.  Its.
duty was to exercise its legislative discretion and take action
to prescribe a plan and regulations under which the relator
might act.  But that action has not been requested.  Hence,.

under the familiar rule above stated, it is not for the court to command what the relator has not seen fit to give the council an opportunity to do before suing out this writ.

This objection to the proceedings is fundamental, and may well relieve us from the discussion of the many objections in detail to the pleadings and proceedings within this action. Of itself it is sufficient to require that the writ be quashed.

*By the Court.*—Order appealed from is reversed, and cause remanded with directions to the circuit court to quash the alternative writ.