CITY OF KENOSHA, Appellant, vs. KENOSHA HOME TELE-
PHONE COMPANY, Respondent.

*April 3—April 23, 1912.*

*Telephone companies: Franchises: Attempted grant by city: Ordi-
nance requiring free telephones: Contract: Consideration:
Amendment: Public utility law.*

1. An attempted grant of a franchise by a city to a telephone com-
   pany is inoperative and void, since the franchise conferred upon
   such a company, when it is incorporated, by sec. 1778, Stats.,
   gives it full authority to construct its lines upon the public
   highways of the state and the streets of municipalities, subject
   only to reasonable regulations under the police power.
2. Even if valid at its inception, a franchise theretofore granted by
   a city to a telephone company was repealed by the public utility
   law (Laws of 1907, ch. 499), in so far as it conflicted therewith.
3. A city ordinance purporting to grant a franchise to a telephone
   company and requiring the company in consideration thereof to
   furnish a certain number of free telephones for the city, cannot
   be considered as a contract. The city in such case, in its pro-
   prietary right, had no consideration to give for such a contract,
   for it cannot barter the exercise of its police power for free
   telephones; and as a state agency the city had no power to en-
   ter into a contract not subject to amendment by the public util-
   ity law. *Superior v. Douglas Co. T. Co.* 141 Wis. 363, distin-
   guished.

APPEAL from a judgment of the circuit court for Kenosha
county: E. B. BELDEN, Circuit Judge. *Affirmed.*

Action to enjoin the defendant from charging telephone
rentals for certain telephones furnished the city of *Kenosha.*
Plaintiff claims the defendant is the successor of the Citizens
Telephone & Telegraph Company and, as such, is required to
furnish the telephones in question free of charge pursuant to
the terms of sec. 8 of an ordinance adopted by the city in
March, 1903, and accepted by the Citizens Telephone & Tele-
graph Company. The material parts of the ordinance are as
follows:

"Sec. 1. That Citizens Telephone & Telegraph Company of
Kenosha, Wisconsin, its successors and assigns, be and they

are hereby granted the right of way in, upon and along and across the streets, alleys, bridges, sidewalks, public grounds of the city of *Kenosha,* Wisconsin, and across under the river in said city, for the purpose of constructing therein and thereupon a ·complete telephone exchange, together with all necessary conduits, poles, wires, cables and other appliances necessary to the construction, maintenance and successful operation of a complete modern telephone exchange in said· city, for a period of fifty (50) years only."

"Sec. 8. In consideration of the granting of this ordinance the Citizens Telephone & Telegraph Company, its successors and assigns, agrees to. furnish free of cost to and for the use of said city of *Kenosha,* and in accordance with·the terms, conditions and regulations at any time made for the use of telephones by their subscribers, telephones as follows: one in city clerk's office, one in office of chief of police, one in mayor's office and one in each engine house now or hereafter erected."

Sec. 10 of the ordinance provided for maximum rates for business and residence telephones and for telephones on party lines.    Sec. 11 of the ordinance gave the city the option to purchase the telephone system at any time within the life of the ordinance, and provided for a method of ascertaining the price to be paid.    By sec. 7 of the ordinance it was provided that if the Citizens Telephone & Telegraph Company, its successors and assigns, should either sell out or enter into any agreement with any existing telephone, or any other, company, or persons, which would tend to make competition inoperative, then the ordinance should be null and void.

In October, 1905, the defendant company purchased the physical property of the Citizens Telephone & Telegraph Company, but the franchise of the latter was expressly omitted from the bill of sale. It continued to furnish free telephone service as provided for in sec. 8 of the ordinance until November, 1908, when it refused longer to do so on the ground that it had been notified by the Wisconsin Railroad·Commission that it was unlawful.

The trial court held that the defendant was not the successor of the Citizens Telephone & Telegraph Company, and

entered judgment dismissing plaintiff's complaint upon the merits, from which it appealed.

*Calvin Stewart,* for the appellant.

For the respondent there was a brief by *Cavanagh & Barnes* and *Miller, Mack & Fairchild,* attorneys, and *L. G. Richardson,* of counsel, and oral argument by *E. S. Mack* and *Chester D. Barnes.*

VINJE, J.   The first question presented by the appeal is, Was the ordinance of March, 1903, purporting to grant to the Citizens Telephone & Telegraph Company the right to operate a general telephone system in the city of *Kenosha,* valid as a franchise?   This court has repeatedly answered the question in the negative.   The only franchise needed by a telephone company to enable it to conduct its business anywhere within the state is the franchise conferred upon it by virtue of sec. 1778, Stats., when it is incorporated pursuant thereto.   *Wis. T. Co. v. Oshkosh,* 62 Wis. 32, 21 N. W. 828; *Marshfield v. Wis. T. Co.* 102 Wis. 604, 78 N. W. 735; *State ex rel. Wis. T. Co. v. Sheboygan,* 111 Wis. 23, 86 N. W. 657; *State ex rel. Wis. T. Co. v. Sheboygan,* 114 Wis. 505, 90 N. W. 441; *Wis. T. Co. v. Milwaukee,* 126 Wis. 1, 104 N. W. 1009; *State ex rel. Smythe v. Milwaukee Ind. T. Co.* 133 Wis. 588, 114 N. W. 108, 315.   Such franchise confers upon the incorporated telephone company full and adequate authority to construct its lines upon the public highways of the state and the streets of municipalities, subject only to reasonable regulations under the police power.   *Wis. T. Co. v. Milwaukee, supra; State ex rel. Smythe v. Milwaukee Ind. T. Co., supra.* The attempted exercise, therefore, by the city of the legislative function of granting a franchise was ineffectual and void. *Marshfield v. Wis. T. Co., supra; State ex rel. Wis. T. Co. v. Sheboygan, supra; State ex rel. Vilter Mfg. Co. v. M., B. & L. G. R. Co.* 116 Wis. 142, 92 N. W. 546; *State ex rel. Smythe v. Milwaukee Ind. T. Co., supra.*

But it would avail the city nothing if the franchise was valid at its inception, for the provision contained in sec. 8 thereof for free telephones was repealed by the enactment of ch. 499, Laws of 1907, known as the public utility law. Sec. 1797m—89 thereof provides:

"If any public utility or any agent or officer thereof, or any officer of any municipality constituting a public utility as defined in this act shall, directly or indirectly, by any device whatsoever or otherwise, charge, demand, collect or receive from any person, firm or corporation a greater or less compensation for any service rendered or to be rendered by it in or affecting or relating to the production, transmission, delivery or furnishing of heat, light, water or power or the conveyance of telephone messages or for any service in connection therewith than that prescribed in the published schedules or tariffs then in force or established as provided herein, or than it charges, demands, collects or receives from any other person, firm or corporation for a like and contemporaneous service, such public utility shall be guilty of unjust discrimination which is hereby prohibited and declared to be unlawful, and upon conviction thereof shall forfeit and pay into the state treasury not less than one hundred dollars nor more than one thousand dollars for each offense; and such agent or officer so offending shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than fifty dollars nor more than one hundred dollars for each offense."

The effect of this law was to amend the franchises of all existing public utilities operating within the state so as to conform to its provisions. *Manitowoc v. Manitowoc & N. T. Co.* 145 Wis. 13, 129 N. W. 925; *La Crosse v. La Crosse G. & E. Co.* 145 Wis. 408, 130 N. W. 530; *Calumet S. Co. v. Chilton,* 148 Wis. 334, 135 N. W. 131; *Kilbourn City v. Southern Wis. P. Co., ante,* p. 168, 135 N. W. 499. Hence, were the ordinance in question valid, sec. 8 thereof would be repealed.

It is clear the ordinance in question purports to grant a franchise and cannot be construed to be a contract between the

telephone company and the city. In its proprietary right the city had no consideration to give for such a contract, should it be deemed to be one, for it could not barter the exercise of its police power for free telephones. *State ex rel. Wis. T. Co. v. Sheboygan,* 111 Wis. 23, 86 N. W. 657; *Wis. T. Co. v. Milwaukee,* 126 Wis. 1, 104 N. W. 1009; *State ex rel. Smythe v. Milwaukee Ind. T. Co.* 133 Wis. 588, 114 N. W. 108, 315; *La Crosse v. La Crosse G. & E. Co.* 145 Wis. 408, 130 N. W. 530. As a state agency it had no power to enter into a contract not subject to amendment by the public utility law. *Manitowoc v. Manitowoc & N. T. Co.* 145 Wis. 13, 129 N. W. 925; *La Crosse v. La Crosse G. & E. Co., supra.*

Much reliance is placed by the plaintiff upon the case of *Superior v. Douglas Co. T. Co.* 141 Wis. 363, 122 N. W. 1023. That was a case where the city of Superior in its proprietary character entered into a contract for free telephones with an existing telephone company operating under a charter from the state. No attempt was made by the city to confer any franchise, or right to operate any telephone system, upon the telephone company. The city and the telephone company, prior to the passage of ch. 499, Laws of 1907, entered into a contract—not a part of any franchise granted or attempted to be granted—whereby the telephone company, for a valuable consideration, agreed to maintain a certain number of free telephones in the city of Superior. The city had paid the consideration by permitting alterations to be made in its city hall and buildings as requested by the telephone company, and it was held the passage of the public utility law did not affect the contract, since sec. 1797m—91 thereof expressly provided that "the furnishing by any public utility, of any product or service at the rates and upon the terms and conditions provided for in any existing contract executed prior to April 1, 1907, shall not constitute a discrimination within the meaning specified." It is obvious the case at bar does not come

within the principle applied or the section referred to in the *Superior Case.*

The trial court held that the defendant was not the successor of the Citizens Telephone & Telegraph Company, and therefore was not bound by the terms of the franchise even if they were valid. We express no opinion on this branch of the case.

*By the Court.*—Judgment affirmed.