STATE ex. rel., WINSLOW vs. THE SUPERVISORS OF MOUNT
PLEASANT.

It is no part of the official duty of town supervisors to build or repair bridges over the highways of their town at their own expense, or under circumstances where they cannot make their town liable for the cost of the work.

Section 113, ch. 19, R. S., confers on town supervisors the power of deciding upon the necessity of building or repairing bridges, where the cost of so doing will not exceed $300, and their judgment on that question cannot be controlled by mandamus.

APPEAL from the Circuit Court for *Racine* County.

The relator on the 28th day of April, 1862, upon an affidavit setting forth in substance. that there was a legally existing township road running from the limits of the city of Racine, into the town of Mount Pleasant, in said county, crossing Root river in said town, over which a bridge had been built and kept in repair by said town up to 1856; and that the same had been in March, 1861, nearly destroyed by a flood in the river, whereby the same had been rendered and still remained impassable; that the respondents, the supervisors of sa d town, after having been repeatedly applied to by citizens interested and by the relator, had, and still wholly neglected and refused to levy any tax in said town, or take any steps whatever towards repairing or erecting said bridge, to the great detriment of the public, who wish to cross said river; obtained from the circuit court for Racine county, an order requiring the respondents to show cause before said court at, &c., why a mandamus should not issue against them, commanding them to rebuild or repair said bridge.

The respondents in answer to this order, among other things, alleged that at the annual town meeting, held in said town on the first day of April, 1862, the legal voters of said town then and there legally assembled, and being duly qualified and empowered to act in that behalf, duly considered of and concern-. icg the necessity and expediency of rebuilding or repairing said bridge, and of raising money by tax and appropriating the same for that purpose; and upon such consideration then and there had, the said electors, by vote duly and legally taken and had, determined that it was not necessary to repair or rebuild said bridge, and that the interests and convenience of the public did not demand it; and did then and there, by a vote of

said electors, refuse to raise and appropriate any money to rebuild or repair said bridge; that it would cost to rebuild or suitably repair said bridge not less than the sum of five hundred dollars.

The relator moved to quash the return for insufficiency, and for a peremptory writ of mandamus. The court sustained the motion and ordered that a peremptory writ issue, pursuant to the application, and from this order the respondents appealed.

*C. W. Bennett*, for appellants.

The town having refused to appropriate money to build the bridge, its action was binding on the supervisors, and their only other resource was to levy a tax under chap. 19, § 113, R. S. This section limits the amount they may levy to $300; and as the return showed the bridge would cost $500, therefore they had no power to do the act required of them. 7 Wend., 474; 2 Hill, 619; Tapping on Mandamus, 15. Sec. 113, chap. 19, R. S., confers on the supervisors a discretion in exercising the power conferred by it, and the judgment of inferior officers or tribunals upon matters which by law they may determine in their discretion, will not be controlled by mandamus. 9 Wis., 254.

*Paine & Millett*, for respondent, (no brief on file.)

*By the Court*, DIXON, C. J. There appear two insuperable obstacles in the way of this proceeding. If, as alleged in the return, it will cost not less than five hundred dollars to rebuild, or suitably repair the bridge, and if the legal voters at the annual meeting held in April, 1862, duly considered whether it was necessary or expedient to do so, and resolved that it was not, and that no money should be raised and appropriated for that purpose, it is very obvious that the supervisors cannot be compelled to proceed with the work by *mandamus*. It is no part of the their official duty to build or repair bridges at their own expense, or under circumstances where they cannot directly charge the town with the cost.

If, on the other hand, the sum required should not exceed three hundred dollars, the writ will not lie because the power to decide upon the necessity of repairs in such cases, is vested by law in the supervisors, and their judgment cannot be controlled by *mandamus*. The statute declares (sec. 113, chap. 19, R. S.) that whenever the supervisors *shall deem it necessary* to rebuild, repair or maintain any bridge, they shall have power to levy and collect a tax not exceeding three hundred dollars, &c.

It may be that the inhabitants, or the supervisors of the town, are liable to indictment for not repairing, (see Wharton's Am. Crim. Law, § 2409; *State vs. King*, 5 Iredell, 411, and Wharton's Prec. of Indictments, 458 to 456, and notes), but it seems clear upon the facts disclosed by the record, that they cannot be compelled to do so by this proceeding.

Order reversed, and cause remanded for further proceedings according to law.