# NEWPORT COUNTY.

PATRICK O. SULLIVAN *vs.* JOHN J. PECKHAM *et als.*, Assessors of Taxes of the City of Newport.

A writ of *mandamus* will not issue to the assessors of taxes when so much time has elapsed that the assessment roll has passed from their hands into those of the town clerk, and probably into those of the collector. Pub. Stat. R. I. cap. 43, §§ 18, 19, 20.

A writ of *mandamus* to the assessors of taxes must direct them to exercise their full authority, not merely to tax the petitioner according to his account. Pub. Stat. R. I. cap. 41, § 2.

Assessors of taxes should tax every citizen rendering an account, unless they believe the account to be false, or the accountant to be unable to pay the tax. Pub. Stat. R. I. cap. 41, § 3, cap. 41, § 2.

PETITION for a writ of *mandamus*.

*Providence*, *June* 17, 1889. DURFEE, C. J. This is a petition for a writ of *mandamus* to the respondents, assessors of taxes of the city of Newport, commanding them to add the name of the petitioner to the list of personal property tax payers of said city. It sets forth that the petitioner is a citizen of the United States who has been domiciled for the last twelve years in Newport;

that January 24, A. D. 1889, the city council of Newport ordered
a tax of not more than $306,000 nor less than $300,000 ; that the
respondents proceeded to assess it ; that the petitioner, in pur-
suance of notice published by them, on March 14, A. D. 1889,
brought in to them " a true and exact account of all his ratable
estate, describing and specifying the value of every parcel of his
real and personal estate, viz., money on deposit valued at $200 ; "
that May 13, A. D. 1889, the respondents completed the assess-
ments, dated and signed a list of the same, and deposited it in the
office of the city clerk of Newport, but that they did not include
him or his ratable estate in said list, and did not tax him.   The
petitioner alleges that he was willing to be taxed, and to share
with others the burden of taxation, and also that he was desirous
of qualifying himself as a personal property tax payer, to vote for
members of the city council of Newport.

Our statute, Pub. Stat. R. I. cap. 43, § 3, expressly declares that
" all property liable to taxation shall be assessed at its full and
fair cash value," and accordingly we think it is the duty of the
assessors to tax every citizen rendering account to the assessors,
as required, showing such property, unless they believe his ac-
count to be erroneous or defective, or unless he is in their judg-
ment unable from infirmity or poverty to pay the tax, and they
omit it on that account, under Pub. Stat. R. I. cap. 41, § 2.   In
a proceeding by *mandamus*, we cannot revise or reverse the action
of the assessors, but can only oblige them to exercise legitimately
their authority.   Cooley on Taxation, 730 ; High's Extraordinary
Legal Remedies, § 141.

Our statute, Pub. Stat. R. I. cap. 43, §§ 18, 19, 20, however,
provides that the assessors, on completing the assessment, " shall
date and sign the same and deposit it in the office of the town
clerk ; " that " the town clerk shall forthwith make a copy of
the same and deliver it to the town treasurer ; " and that " the
town treasurer shall forthwith issue and affix to said copy a war-
rant under his hand, directed to the collector of taxes of the town,
commanding him to proceed and collect the several sums of money
therein expressed," etc.   It appears from the petition that the
respondents have completed the assessment for the year, and have
deposited it in the office of the town clerk.   They make the point

that, having done so, they no longer have any control of the assessment roll, and cannot add to it the petitioner's name as a tax payer, and that therefore the writ ought not to issue, since the court will not command them to do what they have no lawful authority to do.

We think it is clear that the assessors, after duly depositing the assessment roll, cannot repossess themselves of it; for the clerk is directed to copy it *forthwith* for the treasurer, and the treasurer is directed, on receiving the copy, to issue it *forthwith* to the collector. From the time which has elapsed here, probably the copy is already in the hands of the collector. There is no provision in our statutes, as there is in the statutes of some of the states, for the addition of assessments which have been omitted. There is no provision for the collection of any taxes except under the original assessment. If a new tax were added now, we do not see how the collector could lawfully collect it. We think, therefore, that the assessors are to be regarded as having exhausted their power, and that the writ ought not to issue. If we were to issue it, it would be to command them to exercise their full authority in the matter, and, of course, in order to exercise that authority, they must still have it. High's Extraordinary Legal Remedies, § 37, and cases there cited. And in support of the view that the assessors no longer have any power to add to the assessment, see *Colonial Life Insur. Co.* v. *Board of Supervisors of New York*, 24 Barb. S. C. 166; *People* v. *The Supervisors of Westchester*, 15 Barb. S. C. 607; *People* v. *Supervisors of Greene*, 12 Barb. S. C. 217.                                        *Petition denied and dismissed.*

*Charles E. Gorman & Frank F. Nolan*, for petitioner.

*Francis B. Peckham*, City Solicitor of the City of Newport, for respondents.