31]        JANUARY TERM, 1908.        185

State ex rel. Rowe v. Krumenauer, 135 Wis. 185.

STATE EX REL. ROWE, Respondent, vs. KRUMENAUER, Town
Clerk, and another, Appellants.

*January 80—March 81, 1908.*

*Public officer:* Mandamus: *Tax roll: Corrections after delivery: Stat-*
*utory authority.*

1. Before a public officer can be compelled by *mandamus* to per-
form an act the duty must be clear and the act within his
power to perform.

2. After the tax roll has passed into the hands of the town treas-
urer and beyond the control of the clerk, all authority on the
part of the clerk to change it has been exhausted, in the ab-
sence of express legislative authority.

3. Ch. 134, Laws of 1905, providing for the correction in the tax
roll of certain mistakes after its delivery to the treasurer, does
not authorize the insertion in ·the roll, after delivery, of an
amount certified to the town clerk by commissioners of equal-
ization as due from such town, where the omission was the de-
liberate and intentional act of the clerk, occasioned by litiga-
tion respecting the validity of the tax, the tax proceedings,
and the acts of the commissioners.

APPEAL from a judgment of the circuit court for Eau
Claire county: E. W. HELMS, Judge.  *Reversed.*

This action was commenced by *William Rowe,* a taxpayer
of the county of Eau Claire, to compel the town clerk and
treasurer to alter the tax roll for the year 1906 under the pro-
visions of ch. 134, Laws of 1905, after it had gone into the
hands of the treasurer for collection, so as to include in it a
sum of money alleged to be due from the taxpayers of said
town by reason of the determination of commissioners of
·equalization appointed and acting under the provisions of
secs. 1077a and 1077b, Stats. (1898).  The petition sets
forth, among other things, that the petitioner is a resident,
freeholder, and taxpayer of the city of Eau Claire, and that
the petition is made on his behalf and on behalf of all other
taxpayers of said city.  It further alleges the official ca-

pacity of the defendants and that the town of Seymour is one of the duly organized towns of said county, and further sets up at length the appointment and proceedings of the commissioners in review of the decision of the county board in apportioning the taxes in the years 1899 and 1900; that said commissioners according to law made and filed in the office of the county clerk of Eau Claire county certificates fixing and determining what sum upon the $100 should be added to or deducted from the aggregate valuation of real and personal property in said county, and what sums should be added to or deducted from the aggregate valuation of the different towns, cities, and villages in said county as made by the county board; that by action of the commissioners of equalization duly appointed it was found that the following amounts of taxes were to be collected from the following municipalities in the county of Eau Claire, viz.:

Village of Fairchild ................................... $1750 52
City of Augusta ....................................... 939 72
Town of Bridge Creek ................................. 1403 49
Town of Clear Creek .................................. 2263 01
Town of Drammen ..................................... 262 30
Town of Fairchild .................................... 195 80
Town of Lincoln ...................................... 1422 30
Town of Ludington ................................... 976 85
Town of Otter Creek ................................. 2348 04
Town of Pleasant Valley ............................. 902 74
Town of Seymour ..................................... 358 72

That afterwards pursuant to law the county clerk duly certified to the several municipalities named the amounts charged to them respectively, and that said municipalities failed and neglected to pay any part of said sums and evaded paying the same by certain actions and proceedings, but the validity of the tax proceedings had been established before the commencement of this action, and that in December, 1906, the county clerk of Eau Claire county, after being compelled so to do by mandatory injunction, duly certified to the clerk of said town of Seymour and charged to said town in said certificate the sum of $358.72 due to the county

State ex rel. Rowe v. Krumenauer, 135 Wis. 185.

of Eau Claire from the town of Seymour, for the purpose of requiring the town clerk to insert said sum in the tax roll for the year 1906; that the town clerk, when preparing the tax roll for 1906, had in his possession said certificate and also a certificate made by the county clerk under similar proceeding had in 1901, and that it was the duty of said town clerk to include the sum in the tax roll for the year 1906, and due demand was made that said clerk do so; that the treasurer of said town now has the tax roll in his possession and is collecting taxes thereon; that said tax roll is not properly made out, the town clerk having omitted to include therein said sum of $358.72; that petitioner is informed and believes that the town board in defiance of law directed the town clerk not to insert said money in the tax roll, and that both defendants are acting under said unlawful and illegal direction of the town board, and the defendants will not, unless compelled by this court, correct the tax roll so as to include said moneys. The petitioner prays for a peremptory writ of *mandamus* commanding the defendants to make the changes and entries in said tax roll and on the tax warrants in the manner provided by ch. 134, Laws of 1905.

An alternative writ of *mandamus* was issued and return made thereto setting up at length all the proceedings of the commissioners of equalization and the county board, and among other things that the certificate heretofore mentioned was made November 30, 1906, and on the 4th day of December, 1906, sent to the clerks of the several municipalities hereinbefore mentioned, and which certificate showed the amount chargeable against the town of Seymour to be $358.72. The return further showed that defendants claim they have no right, power, or authority to make any change or alteration in the tax roll except as vested in them by the provisions of ch. 134, Laws of 1905, and that such statute does not cover the matter involved in this action and does not

authorize the defendants or either of them to place upon the tax roll the tax mentioned and certified as a charge against said town of Seymour. Several other matters are set forth at great length in the return which are not necessary to recite here. Demurrer to the return was sustained and judgment entered that the petitioner recover costs and that he have a peremptory writ of *mandamus* returnable on the 28th day of January, 1907, directing the defendants to correct a mistake that had been made in the tax roll for 1906 by inserting said sum of $358.72, which said sum was omitted from the tax roll by mistake and which sum is due the county of Eau Claire from said town of Seymour on changes made pursuant to decisions of tax commissioners who reviewed the equalization of the towns, cities, and villages in said county for the years 1899 and 1900. Defendants appealed to this court from said judgment.

*Horace B. Walmsley,* for the appellants.

For the respondent there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.*

Kerwin, J.    It is established without dispute that at the time this action was commenced the tax roll had passed from the possession and control of the defendant town clerk and into the possession of the defendant town treasurer. Two crucial questions, therefore, are presented at the outset upon this appeal, namely: (1) Can the defendants be compelled by *mandamus,* without the aid of ch. 134, Laws of 1905, to insert upon the tax roll the sum certified to the town clerk against the town? and (2) Is said ch. 134, Laws of 1905, applicable to the case before us?

It is fundamental that before a public officer can be compelled by *mandamus* to perform an act the duty must be clear and the act within his power to perform. After the tax roll has passed from the possession and control of the town clerk into the possession and control of the town treasurer,

State ex rel. Rowe v. Krumenauer, 135 Wis. 185.

all authority to change it has been exhausted, except in so far as power by statute is preserved to do so. This is manifest from the several provisions of the statute respecting the making up of the tax roll by the town clerk, the execution of the bond by the town treasurer, the attachment to the tax roll as made up and completed by the town clerk of a warrant commanding the treasurer to collect the taxes spread upon the tax roll, and the delivery by the clerk of the roll, with the warrant annexed, to the treasurer on or before the second Monday in December, in accordance with the provisions of our statutes. This doctrine rests upon principle and seems to be well supported by authority. *Sullivan v. Peckham,* 16 R. I. 525, 17 Atl. 997; *People ex rel. Lorillard v. Westchester Co.* 15 Barb. 607; *Colonial L. Assur. Co. v. New York Co.* 24 Barb. 166. In the case last cited it was held that, after the taxes had been assessed and warrants issued and delivered to the collectors, the supervisors have no further control over the assessment roll, their power being spent, and consequently *mandamus* directing them to strike any particular name from the roll would be nugatory. And in *People ex rel. Lorillard v. Westchester Co.* 15 Barb. 607, substantially the same rule is laid down. The doctrine of the above cases is applicable to the case before us and establishes that, after the tax roll has passed into the hands of the treasurer and beyond the control of the clerk, all authority on the part of the clerk to change it has been exhausted, in the absence of express legislative authority. We do not understand that counsel for respondent denies this proposition, but rests his case upon ch. 134, Laws of 1905, which he claims authorizes the insertion of the amount in question on the tax roll after it has been delivered to the defendant treasurer. Ch. 134, Laws of 1905, reads as follows:

"Whenever after delivery of the tax roll to the treasurer it shall be discovered that any city, town or village clerk in making out the tax roll has made a mistake therein in enter-

ing the description of any real or personal property, or the name of the owner or person to whom assessed, or in computing or carrying out the amount of the tax, the clerk with the consent of the treasurer at any time before the treasurer is required to make his return of delinquent taxes, may correct the name of the taxpayer, the description of property or errors in computing or carrying out the tax to correspond to the entry which should have been made on the tax roll before delivery to the treasurer.     If any such corrections shall produce a change in the total amount of taxes entered in the tax roll, the clerk shall make corresponding corrections in the warrant annexed to such roll.     The clerk shall enter a marginal note opposite each correction, stating when made, which shall be signed by the clerk and treasurer."

The question arises whether the respondent has brought himself within the provisions of the foregoing act.     There are several expressions in the petition and proceedings, including the judgment, to the effect that a mistake occurred in the tax roll for 1906, and the judgment provides that *mandamus* shall issue to correct such mistakes by inserting in the tax roll the amount certified to the town clerk.     But it is perfectly apparent from all the proceedings that the amount was not omitted from the tax roll by the clerk through any mistake or inadvertence, but, on the contrary, the neglect or refusal to so insert it was the deliberate and intentional act of the clerk, occasioned by the litigation respecting the validity of the tax and tax proceedings, including the acts of the commissioners of equalization referred to in the petition and return to the writ.     The obvious intention of the legislature in the passage of ch. 134, Laws of 1905, was not to cover a case like the one before us, but a case, as clearly indicated by the language of the act, where, after delivery of the tax roll to the treasurer, it shall be discovered that a mistake has been made in entering the description of any real or personal property, or in the name of the owner or person to whom assessed, or in computing or carry-

ing out the amount of tax. The act further provides that
when such mistake shall be discovered the clerk, "with the
consent of the treasurer," may correct the name of the tax-
payer, the description or errors in computing or carrying
out the tax, etc. Now we do not think that by any stretch
of construction this statute can be held to include the case be-
fore us. In the instant case there was no mistake made in
any of the respects pointed out in the statute, namely, in
description, name of owner, or in computing or carrying out
the amount of tax. The refusal to insert the amount certi-
fied to the clerk, as before observed, was the result of litiga-
tion and contention on the part of municipal authorities and
insistence that the amount certified and charged against the
town of Seymour was illegal.

Quite a lengthy argument is made by counsel for respond-
ent upon the theory that ch. 134, Laws of 1905, applies to
the case before us and should be so construed by this court,
but no authority is cited which appears to aid us in arriving
at that conclusion. The question is one simply of statutory
construction, and we cannot think that by any rule of con-
struction the act in question can be made to apply to the case
before us. The main argument of counsel for respondent
goes to the proposition of the meaning of the words "with the
consent of the treasurer," as to whether these words are man-
datory or directory; in other words, whether the treasurer is
bound to consent to the correction of the mistake. But as we
view it the vital question is not whether these words are
mandatory or directory, but whether the case made comes
within the provisions of the act at all. If it does, the ques-
tion of whether or not the treasurer had any discretion in the
matter, or whether he was bound to consent to the change,
might be an interesting question and one which we do not de-
cide. The court is of the opinion, as indicated by what has
been heretofore said, that the act does not apply to the case
made, and that without special legislative authority no power

State ex rel. Rowe v. Johnson, 135 Wis. 192.

rested with the town clerk to make the change sought to be enforced after the tax roll had passed out of his possession and control, and therefore the judgment must be reversed.

*By the Court.*—The judgment is reversed, and the court below directed to dismiss the action.


*Horace B. Walmsley*, for the appellants.

For the respondent there was a brief by *Wickham & Farr*, and oral argument by *James Wickham*.

