31]  JANUARY TERM, 1908.  193

State ex rel. Rowe v. Minto, 135 Wis. 193.

STATE EX REL. ROWE, Respondent, vs. BERLIN, Town Clerk, and another, Appellants.

*January 30—March 31, 1908.*

APPEAL from a judgment of the circuit court for Eau Claire county: E. W. HELMS, Judge. *Reversed.*

*Horace B. Walmsley,* for the appellants.

For the respondent there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.*

KERWIN, J. This case is ruled by *State ex rel. Rowe v. Krumenauer, ante,* p. 185, 115 N. W. 798. Therefore the judgment below must be reversed.

*By the Court.*—The judgment is reversed, and the court below directed to dismiss the action.

STATE EX REL. ROWE, Respondent, vs. HINE, Village Clerk, and another, Appellants.

*January 30—March 31, 1908.*

APPEAL from a judgment of the circuit court for Eau Claire county: E. W. HELMS, Judge. *Reversed.*

*Horace B. Walmsley,* for the appellants.

For the respondent there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.*

KERWIN, J. This case is ruled by *State ex rel. Rowe v. Krumenauer, ante,* p. 185, 115 N. W. 798. Therefore the judgment below must be reversed.

*By the Court.*—The judgment is reversed, and the court below directed to dismiss the action.

STATE EX REL. ROWE, Respondent, vs. MINTO, Town Clerk, and another, Appellants.

*January 30—March 31, 1908.*

APPEAL from a judgment of the circuit court for Eau Claire county: E. W. HELMS, Judge. *Reversed.*

*Horace B. Walmsley,* for the appellants.

For the respondent there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.*

KERWIN, J.    This case is ruled by *State ex rel. Rowe v. Krumenauer, ante,* p. 185, 115 N. W. 798.    Therefore the judgment below must be reversed.

*By the Court.*—The judgment is reversed, and the court below directed to dismiss the action.

---

SALCHERT, Respondent, vs. REINIG, Appellant.

*February 1—March 31, 1908.*

(1, 2) *New trial: Directing verdict: Discretion of court: Breach of promise of marriage.* (3) *Plaintiff's uncorroborated statement.* (4, 5, 14) *Evidence: Sufficiency.* (6) *Plaintiff's refusal to sign deposition.* (7) *Witness: Impeachment.* (8) *Evidence of defendant's wealth.* (9) *Harmless error.* (10) *Pleading: Rescission or abandonment of contract.* (11–13) *Damages: Whether excessive: Separate damages for seduction.* (14) *Libidinous relations before promise of marriage.* (15) *Chastity.* (16) *Correcting error by reducing damages.*

1. Although the trial judge is convinced that some credible evidence supports the verdict, if he is persuaded that such evidence is relatively so weak and unconvincing when compared with the adverse evidence that there is danger that the verdict will work injustice, he is vested with a broad discretion to protect against such peril by granting a new trial.

2. Whether the trial court should direct a verdict, or whether this court on appeal may in effect do so, depends upon whether there is any credible evidence which, in the most favorable view and granting all reasonable inferences and construction in favor of the conclusion of the jury, tends to support the verdict.

3. Where plaintiff, in an action for breach of promise of marriage, testifies positively to the fact of a promise of marriage, this suffices of itself, without corroboration, to support a verdict in her favor on that subject, unless rendered incredible by other evidence or by such a conflict with the uniform course of nature or with fully established physical facts that no reasonably intelligent man could give it credence.

4. In such an action the improbability that a man in defendant's rank in life would engage himself in marriage to plaintiff, and