STATE EX REL. REDENIUS, 'Appellant, vs. WAGGENSON and others, Respondents.

*September 15—October 5, 1909.*

Mandamus: *When writ issues: Compelling repairs on drainage ditch: Lack of available funds.*

1. Although relator may have a clear legal right to have an act done, *mandamus* will not issue to compel performance by another unless it is the clear duty of the latter to perform at the time and in the manner demanded.
2. Where the right to have an act done at the time and in the manner demanded is dependent on some other act having been done or some condition existing, the petition for *mandamus* must show that such preliminary act has been done or condition created.
3. Where the doing of an official act requires the expenditure of money, performance will not be coerced by *mandamus* in absence of a showing that money therefor is presently available.

4. The petition for a writ of *mandamus* to compel drainage com-
missioners to repair a ditch did not show that they had money
available for that purpose, and did show that money was ob-
tainable therefor only by filing an annual report, securing judi-
cial approval, and collecting assessments as provided in ch. 419,
Laws of 1905, and that no such report had been made although
it was the duty of the commissioners to make it. *Held*, that
the writ would not issue to compel the making of the repairs.

APPEAL from an order of the circuit court for Monroe
county: E. W. HELMS, Judge. *Affirmed.*

*Mandamus* proceedings to require drainage commissioners
to repair the ditch under their charge.

An alternative writ of *mandamus* was issued in due form
which, on motion duly made, was quashed because (1) the
facts stated as a basis for the proceedings were insufficient;
(2) such facts were insufficient to show relator to be entitled
to prosecute the proceedings.

The facts relied upon are, in brief, as follows: Relator is
the owner of certain lands through which a portion of a
drainage system has been constructed and put in operation
under the laws of the state of Wisconsin. It has been the
duty of the drainage commissioners since the installation of
the drainage system to keep such system in repair and, since
the passage of ch. 419, Laws of 1905, on or about the first
Tuesday of June each year to file with the clerk of the cir-
cuit court having jurisdiction of the matter a report specify-
ing in detail the repairs necessary and the sum to be assessed
to make the same against each tract, lot, easement, or cor-
poration. About a year after the completion of the drainage
ditch through relator's land it commenced to fill up with
sand. The deposit therein has increased till it nearly fills the
ditch, causing large quantities of water which would other-
wise be carried down the same, to be deposited on relator's
land, rendering it valueless for farming purposes, to his great
damage. The commissioners have often been requested to
put the ditch in a proper state of repair but have wholly re-

fused to do so. They have not filed any report as required by the law aforesaid or raised any money to make necessary repairs upon the ditch.

An alternative writ was issued as requested requiring the commissioners to repair the drainage ditch where it passes through relator's land, or show cause to the contrary before the circuit court for Monroe county.

For the appellant there were briefs by *Graham & Graham,* and oral argument by *J. G. Graham.*

For the respondents there was a brief by *Naylor & McCaul,* and oral argument by *W. R. McCaul.*

MARSHALL, J. Appellant's counsel present this appeal as if, since appellant has a clear legal right to have the drainage ditch repaired, the alternative writ, by which it was sought to enforce such right, should not have been quashed. It does not necessarily follow, because a person has a clear legal right which can only be effective by the act of another, that it is the clear duty of the latter to perform such act at the particular time and in the particular manner such person may demand it. It is fundamental that both conditions must exist; the right and the duty to act, before the extraordinary remedy can be successfully invoked. *State ex rel. Pfister v. Manitowoc,* 52 Wis. 423, 9 N. W. 607; *State ex rel. Board of Ed. v. Hunter,* 111 Wis. 582, 87 N. W. 485; *State ex rel. Wis. Met. Tel. Co. v. Milwaukee,* 132 Wis. 615, 113 N. W. 40; *State ex rel. Rowe v. Krumenauer,* 135 Wis. 185, 115 N. W. 798; *State ex rel. Fire & Rust Proof C. Co. v. Icke,* 136 Wis. 583, 118 N. W. 196.

When the duty sought to be enforced is of a private nature a demand must be made for substantially that particular thing, of the particular person upon whom the duty of performance rests; and his refusal thereof must precede application for a writ to coerce such person to act; and the facts in that regard must be made to appear in the petition for the

writ, to warrant its issuance.  Merrill, Mandamus, §§ 222, 223.  Where the right to have the particular act done at the time and in the manner demanded is dependent upon some other act having been done or some condition existing, in order to show affirmatively by the petition for the writ that the relator is entitled, as claimed, facts must be stated therein showing that such preliminary act has been done or condition created.  *State ex rel. Spaulding v. Elwood,* 11 Wis. 17; *State ex rel. Sloan v. Warner,* 55 Wis. 271, 9 N. W. 795, 13 N. W. 255; *State ex rel. Neeves v. Wood Co.* 72 Wis. 629, 40 N. W. 381; *State ex rel. Gericke v. Mayor, etc.* 99 Wis. 322, 74 N. W. 783.

The quoted authorities are particularly applicable to this case, in that they are to the effect that where the doing of the official act in question requires the expenditure of money, performance cannot be coerced by *mandamus* in absence of a showing that money is presently available, applicable to do the particular matter.

Now in this case there is no showing in the petition that respondents had money which could properly be applied to repair of the ditch.  If they had no such money under their control, it was plainly shown by the relator, as the fact is, that it was only obtainable by their filing a report, as the drainage law (ch. 419, Laws of 1905) provides, specifying, among other things, in detail, the labor necessary to the preservation and protection of the improvement, the places needing repairs, and securing, on due notice and hearing, judicial approval of the proposed work and expenditure, and determination of the amount of the assessment upon each particular parcel of land benefited, and collection of such assessments in due course,—and it was further alleged that no such report had been made though the law requires one to be made in the circumstances of respondents, annually, to the court having jurisdiction of the matter.  Thus by the statute it is left to the judgment of the commissioners, preliminarily,

and to the court finally, what repairs to a drainage ditch are needed, and the method is provided for obtaining the necessary funds, which is necessarily exclusive.

The most the petition shows as to default on the part of the commissioners, is failure to make the required report. No action in that respect was demanded before commencement of these proceedings, nor do such proceedings contemplate coercion of respondents in such respect. So far as is disclosed, it is proposed to cause respondents to repair the ditch regardless of whether there is money applicable therefor, or whether the conditions precedent to the making of repairs have been complied with, merely because there is need for the repairs and respondents have failed to present the matter to the court for consideration and direction and in due course to accumulate the necessary money to meet the expense. In other words, it is proposed to compel respondents to make the repairs at their own expense, as a sort of penalty for the default aforesaid, and take their chances of later recouping the same by collection of approved assessments upon the property benefited. Sufficient has been said to show, clearly, that the facts stated in the petition for the writ of *mandamus* do not constitute any basis for the relief sought and, therefore, that the writ was properly quashed.

*By the Court.*—Order affirmed.