STATE EX REL. VAN LYSSEL, Appellant, vs. SCHEURING, Respondent.

*May 2—May 31, 1913.*

*Highways: Opening and fitting for travel: Construction of bridge:*
Mandamus *to county chairman.*

Assuming, without deciding, that a bridge over a river, which must be constructed in order to open a highway and put it in condition for travel, is within the purview of sec. 1338, Stats., as amended by ch. 531, Laws of 1911, the chairman of the county board will not be compelled by *mandamus* to open the highway and construct the bridge where no provision has been made by the county for payment of the cost thereof and no funds or means of any nature are available by which such cost can be paid.

APPEAL from an order of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

Application was made to the supervisors of the towns of

Allouez, Bellevue, and De Pere, of Brown county, Wisconsin, to lay out a highway on a town line between these towns.

On August 10, 1910, the supervisors met to consider the application and refused to lay out the proposed highway. An appeal was taken from their determination to the county court of Brown county for the appointment of commissioners to review this determination of the supervisors. Commissioners were appointed, and after due hearing they ordered the supervisors to lay out the highway as proposed and to open the same for travel.

On December 22, 1910, the supervisors met and laid out the highway as proposed, but refused to open the same for travel, as did the electors of these towns in voting on the question, and the supervisors have since refused to open the highway. On July 20, 1912, an appeal was taken to the board of supervisors of Brown county. This board after three regular meetings also refused to open this highway, and the chairman of the board of supervisors, *Paul Scheuring,* the defendant in this action, refused to open it and put it in condition for public travel. An application was then made to the circuit court for Brown county for a writ of *mandamus* requiring *Paul Scheuring,* chairman of the board of supervisors, to open the highway and put it in proper condition for travel. An alternative writ was issued directing him to immediately open the highway and to put it in condition for travel or show cause to the contrary.

In his return to the writ the defendant, *Paul Scheuring,* alleged the following as grounds for not complying with the writ: That the construction of such highway necessitates the building of an expensive bridge and that there is no authority in the law authorizing him to order the construction of such a bridge and to apportion the cost thereof to the three towns through which the highway passes, nor to levy a spe-

cial tax on the towns in question apportioning the cost of bridge construction, and that there is no money in the county treasury with which to pay for such work of construction, and that no provisions are made by law under which he can provide the necessary funds for this purpose.

The relator demurred to the return on the grounds that it did not allege facts sufficient to justify his refusal to comply with the writ. The court overruled the demurrer to the re-. turn. This is an appeal from such order.

For the appellant there was a brief by *Kittell & Burke* and *Herbert J. Smith,* and oral argument by *J. A. Kittell.*

*M. E. Davis,* district attorney, for the respondent.

SIEBECKER, J. The return of the chairman of the county board of supervisors to the writ alleges that it will be necessary to bridge East river in order to open and put the proposed highway in condition for travel; that such bridging will impose a probable expenditure of several thousand dollars; and that he is without authority to proceed in the matter as directed by the writ. It is also alleged that there are no funds in the county treasury which can be applied in payment of the necessary cost and expenses of opening the proposed highway and constructing the bridge as a part thereof nor for payment of any other costs incident to putting the highway in proper condition for travel. It is also alleged by defendant that no provision for funds to pay these costs and expenses is made in the tax levy now being collected, nor for borrowing the amounts needed for this purpose, and that the county is wholly without available means to pay them. In considering the demurrer to the return these facts stand admitted. Assuming, without deciding, that this bridge is within the purview of the provisions of sec. 1338, Stats., as amended by ch. 531, Laws of 1911, there appear insuperable obstacles to the enforcement of the writ in this action. If,

as alleged in the return, no provision has been made by the county for payment of the cost and expense of opening the highway, including the construction of a bridge over the East river, and no funds are at hand and no means of any nature are available by which the cost of the undertaking can be paid, then no way exists for the defendant as chairman of the county board of supervisors to execute the commands of the writ. As stated by Judge HASTINGS in his opinion on overruling the demurrer:

"Just what the chairman is to do in the performance of his duty in opening up a new highway with expensive bridges to be constructed is not clear. He certainly is not required to advance the necessary money. He cannot have it done at the expense of the towns so as to make the towns indebted to a contractor who builds the bridges. The cost can only be collected from the towns as part of the county tax. While no provision is made requiring the county to raise and provide the chairman the means or authority directly given him to make it a county charge, the act seems to contemplate that he shall use county funds."

It cannot be made the official duty of the chairman of the county board of supervisors to open the proposed highway and construct a bridge as alleged in the return, where the county has provided no available means and where no authority to make the county or the towns liable therefor has been conferred. *State ex rel. Winslow v. Mount Pleasant,* 16 Wis. 613; *State ex rel. Gericke v. Ahnapee,* 99 Wis. 322, 74 N. W. 783; *State ex rel. Redenius v. Waggenson,* 140 Wis. 265, 122 N. W. 726.

The court properly overruled the demurrer.

*By the Court.*—The order appealed from is affirmed.