STATE EX REL. JOHNSON and others, Appellants, vs. HINTGEN and others, Respondents.

*May 2—May 21, 1914.*

*Highways: Adoption as county roads: Repair: Mandamus.*

1. Under a statute (sec. 1308, R. S. 1878) authorizing county boards to adopt main traveled highways as county roads, but not prescribing the method of such adoption, a formal resolution of the county board was sufficient for that purpose.
2. Conceding, but not deciding, that resolutions of a county board were not effective as an adoption because the road in question had not then been constructed or traveled and hence was not

a "main traveled highway," a resolution passed after the opening of the highway, and evidently intended to cure every possible flaw in the former proceedings, should, although inartificially expressed, be given effect as an adoption of the highway.

3. Unless there are funds in the county treasury which may properly be used for the purpose of repairing a county highway, the county highway commissioner cannot be compelled by *mandamus* to do the work.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

This is a *mandamus* action brought to compel the county highway commissioner of *La Crosse County* to repair a certain highway two miles in length in the town of *Holland*, known as the McGilvary road. The petitioners are property owners along the highway who are unable to reach their property on account of the impassable condition of the road. The appellants' claim is that the road in question is a county highway and that under the provisions of sec. 1311, Stats., it has become the duty of the defendant *Hintgen* as county highway commissioner to repair the same.

The facts were undisputed. All the preliminary proceedings made requisite by sec. 1311 before the county highway commissioner is required to act were taken. Only two questions are presented in the case: (1) whether the highway is in fact a county highway; (2) if so, whether the highway commissioner can be compelled to repair it in the absence of any funds in the county treasury available for use for that purpose.

From the findings of fact it appears that the road was laid out by the town of *Holland* in the years 1891 and 1892, the damages awarded, however, being paid by the county of *La Crosse;* that the object of the road was to connect with a public bridge across Black river at the westerly terminus of the road, which bridge was built by the county in 1892, with funds partly raised by public taxation and partly obtained from the city of La Crosse, the Black River Improvement

Company, and a number of individual subscribers; that since the opening of the road, in 1893, the county has maintained it and kept it in repair, spending large sums in grading, riprapping, and bridging the same; that the following resolutions were adopted by the county board with reference to the said road at the dates given, viz.:

On May 22, 1891:

"Resolved, that the petition presented to this board by the freeholders of the town of *Holland* relating to the adoption of the road in question and mentioned in said petition be adopted as a county road, or so much of the same as will be necessary to reach high land on said line of road; provided that the supervisors of the town of *Holland* will lay out a public highway leading from some point in the present highway now laid out to the proposed bridge site at McGilvary's ferry on Black river, such place or road to be selected by the special committee of this board provided for in the resolution adopted locating and appropriating one thousand dollars."

On May 2, 1892:

"Whereas, the county having adopted certain highways, to wit: one in the town of Campbell, and one in the town of *Holland,* therefore be it resolved, that the chairmen of these towns are requested and hereby are authorized to have charge of and care for them, and in case of broken bridge plank or any needed small repairs for the safety of the traveling public, and report the condition of these roads from time to time."

On November 13, 1894:

"Whereas, certain highways in *La Crosse County* have been adopted as county roads by the county board, namely, the road known as McGilvary road leading through the bottoms to the Black river bridge and the one known as the Abattoir road in the town of Campbell, and,

"Whereas, that in the opinion of some attorneys, said roads have not been properly put on record in the county clerk's office as such, therefore be it resolved, that a committee consisting of the chairman of board, George H. Ray, and J. L. Pettingill, together with the district attorney, and they shall be empowered and are hereby instructed to place the aforesaid

public highway and the parts appertaining thereto properly on record in the office of the county clerk."

It further appears that in July, 1911, owing to the breaking of a dam on Black river some distance away, the road was flooded and washed away in places and has been impassable since that time, the town of *Holland* having at all times refused to repair it; that the road could be repaired so as to be reasonably fit for public travel at an expense of between $1,000 and $1,200, but that to put it in permanently good condition so as to obviate the danger of washouts in the future the expense would be from $10,000 to $12,000; that there are no county funds available for the repair.

The circuit court held that the road could not have been adopted by the county by the resolutions adopted in 1891 or 1892, because it had not then been "laid out, constructed, or traveled," and that it was not the intent of the board to adopt the road by the resolution of 1894, hence that it never became a county road. The court also held that no *mandamus* could be awarded because there were not shown to be any funds in the county treasury available for the purpose. Judgment having been entered denying the peremptory writ, the relators appeal.

The cause was submitted for the appellants on the brief of *Bunge & Bosshard,* and for the respondents *Hintgen* and *La Crosse County* on that of *David S. Law.*

WINSLOW, C. J. Sec. 1308 of the Revised Statutes of 1878 (which was in force at the time of the opening of the highway, but was repealed by ch. 337, Laws of 1911) provided that county boards might adopt any main traveled highways as county roads and thereafter cause the same to be kept in good repair so long as they remain under their control. No special provisions are contained in the statute prescribing the method of such adoption, therefore it would seem clear that a formal resolution must be held sufficient.

Conceding, without deciding, that neither of the resolutions passed by the county board in the present case in 1891 and 1892 was effective as an adoption, because the road had not then been constructed or traveled and hence was not "a main traveled highway," we are clear that the resolution of 1894, passed after the opening of the highway, should be construed as supplying every defect that there might be in the previous resolutions. It was evidently the intent of that resolution to cure every possible flaw in the former proceedings, and under the liberal rule relating to the proceedings of such bodies, which requires the evident intent of the body to be carried out although inartificially expressed, we can entertain no doubt that the resolution should be given effect as an adoption of the highway. *Bartlett v. Eau Claire Co.* 112 Wis. 237, 88 N. W. 61.

Upon the second proposition, however, the conclusion reached by the circuit judge must be sustained. Unless there are funds in the county treasury which are available, *i. e.* which may properly be used for the purpose of repairing the highway, the county highway commissioner cannot be compelled by *mandamus* to do the work. This was the conclusion reached under a statute similar in every essential respect (sub. 2, sec. 1338, Stats. 1911) in the case of *State ex rel. Van Lyssel v. Scheuring,* 154 Wis. 93, 141 N. W. 1001.

*By the Court.*—Judgment affirmed.