STATE EX REL. JOHNSON and others vs. COUNTY BOARDS OF
SUPERVISORS OF LA CROSSE AND TREMPEALEAU COUN-
TIES.

*February 13, 1917.*

*Supreme court: Original jurisdiction, when exercised: Sending case
to circuit court for trial: Counties: Repair of bridge over bound-
ary stream.*

1. The original jurisdiction of the supreme court will not be exer-
cised in an action affecting only local interests, where there is
adequate remedy in the lower courts.

2. So *held* as to an action by *mandamus* to compel the county boards
of two counties to keep in repair, as required by ch. 565, Laws
1915, a bridge across a stream forming the boundary between
said counties, the public interests involved being local only and
the remedy in the circuit court entirely adequate.

3. Pursuant to sec. 2836a, Stats., such action, commenced in the su-
preme court, is certified to the circuit court for one of the coun-
ties interested, to be tried in that court as if originally brought
there—said sec. 2836a being construed as applicable to the su-
preme court as well as to the circuit courts.

MANDAMUS to the county boards of La Crosse and Trem-
pealeau counties. *Action certified to the circuit court for
Trempealeau county for trial.*

On February 13, 1917, the respondents moved to quash the
writ. The motion was argued for the respondents by *Otto M.
Schlabach* of La Crosse, district attorney of La Crosse county,
and *Elmer E. Barlow* of Whitehall, district attorney of
Trempealeau county, and for the relators by *R. S. Cowie* of
Whitehall.

The court ordered that the action be certified at once to the
circuit court for Trempealeau county, there to be heard and
tried as if originally brought in that court. No costs were
awarded against either party.

The following opinion was filed February 17, 1917:

PER CURIAM. Upon the petition of the relators (part of
whom are residents of La Crosse county and part of Trem-

pealeau county) an alternative writ of *mandamus* was issued out of this court directed to the county boards of said counties commanding them to repair at joint expense a certain bridge and its approaches over Black river or show cause to the contrary. The river at this place forms the boundary between the two counties. The bridge forms a part of the highway connecting the two counties, and is the same highway which was the subject of the action of *State ex rel. Johnson v. Hintgen,* 157 Wis. 355, 147 N. W. 363. It appears by the petition that since the decision in that case ch. 565, Laws 1915, has been passed, requiring that all bridges and their approaches crossing streams which form the boundary between two counties be kept in repair at the joint expense of the two counties. By the present action the relators are attempting to enforce the provisions of the last named law. Upon the return day of the writ a motion to quash was made by the respondents, and the court, being of opinion that the writ had been improvidently granted, ordered that the action be certified to the circuit court for Trempealeau county to be tried in that court as if originally brought there. The case undoubtedly involves a question *publici juris,* but as it is only local in its effect and in the public interests involved and as the remedy in the circuit court is entirely adequate, it does not answer the calls which this court has laid down for the exercise of the original jurisdiction of this court. *Income Tax Cases,* 148 Wis. 456, 134 N. W. 673, 135 N. W. 164.

It is not that this court is actually without jurisdiction, but that, within what are now well established rules governing the use of the original jurisdiction, it will not be exercised in an action affecting only local interests where there is adequate remedy in the lower courts.

But it is happily no longer necessary that an action should be dismissed under such circumstances. We construe sec. 2836*a,* Stats. 1915 (ch. 219, Laws 1915), as applicable to this court as well as to the circuit courts. Under its sensible

and beneficent, provisions a case may under such circumstances be at once certified to the proper circuit court for trial as if originally commenced there, and this is the course which has been taken.