STATE EX REL. SISSON and wife, Respondents, vs. KALK, City Clerk, Appellant.

*December 5, 1928—January 8, 1929.*

For the appellant the cause was submitted on the brief of *F. H. Schlichting* of Sheboygan Falls and *Detling, Detling & Whiffen* of Sheboygan.

For the respondents there was a brief by *Clifton Williams* and *Claude D. Stout*, both of Milwaukee, and oral argument by *Mr. Williams* and *Mr. Stout*.

ESCHWEILER, J.   The defendant, as city clerk, contends that there was no proper appeal taken by the petitioners from the assessment of benefits and damages and therefore no duty on him to transmit the record to the clerk of the circuit court there to permit of a disposition of the matter.

It is contended in that regard that Demand, who signed the admission of service and with whom the notice of appeal and bond was left, was neither a *de facto* nor a *de jure* officer of the city and that his signature or acts could not bind the city.

By sec. 62.09 (2) (a), Stats., it is provided that no person shall be eligible to such a city office as that of city clerk who is not, at the time of his election or appointment, an

elector of the city. Demand being at the time a minor, and therefore not an elector, was not eligible to election or appointment as city clerk.

While Demand cannot be considered as a *de jure* deputy city clerk, this does not, however, prevent, on that score alone, his being considered a *de facto* deputy whose acts bind the city clerk and the city.

The appellant in his capacity as city clerk further contends, although the situation here might well warrant an assumption that such contention is really being made by the city itself, which alone is interested in preventing the hearing of petitioners' appeal, that being a minor Demand could not be a *de facto* officer. It may also be noted in passing that such contention is being made on a record showing that the city had appointed the same minor cashier of one of its important departments, and was accepting his services in the collection of its revenues.

The trial court was correct in the ruling that minority was not a legal impediment to Demand's acting as a *de facto* deputy city clerk.

It has been repeatedly held that a minor, even though he may not be eligible to the office itself (other than a judicial one) whose functions he may assume to perform, may nevertheless, the other requisites being present, be a *de facto* officer. 31 Corp. Jur. p. 1004; 14 Ruling Case Law, p. 221. He may act as assistant superintendent of streets, *Page v. Mintzer,* 42 Cal. App. 694, 698, 184 Pac. 690; as deputy sheriff, *Moore v. Graves,* 3 N. H. 408, 411, where the subject is fully discussed; as special constable, *Floyd v. State,* 79 Ala. 39, 42; as deputy county court clerk, *Jeffries v. Harrington,* 11 Colo. 191, 17 Pac. 505; as deputy circuit clerk, *Wimberly v. Boland,* 72 Miss. 241, 243, 16 South. 905; as deputy county clerk, *Harkreader v. State,* 35 Tex. Crim. Rep. 243, 253, 254, 33 S. W. 117.

The facts shown in the record concerning his situation and prior acts were ample authority for the ruling of the

trial court that he was, so far as the transaction questioned here is concerned, a *de facto* deputy city clerk and his acts done as such binding on the defendant and the city.

This conclusion on the facts and the law is amply supported by the holdings in this state as well as elsewhere. *In re Woolcott*, 163 Wis. 34, 37, 157 N. W. 553; *Ekern v. McGovern*, 154 Wis. 157, 221, 142 N. W. 595; *U. S. v. Royer*, 268 U. S. 394, 397, 45 Sup. Ct. 519; *Nofire v. U. S.* 164 U. S. 657, 661, 17 Sup. Ct. 212; *Allen v. Hackett*, 123 Me. 106, 112, 121 Atl. 906.

It is also insisted that there was no valid or sufficient approval of the bond on appeal because none such was evidenced in writing or sufficiently appeared in the evidence. The statute under which this appeal was taken, sec. 62.16 (6) (k), provides for a written notice of appeal to be served upon the city clerk and the giving of a bond to be approved by him. It requires a written notice of appeal, but does not specify that the approval by the clerk must be in writing. The statements by Demand at the city clerk's office; his indorsement of service; his expressions that he thought it was all right, and that he recognized the surety company as being qualified to act,—were fully sufficient to meet the calls of the statute and to sustain the finding below.

It is now, and for the first time, urged that inasmuch as there was no showing made that the petitioners had paid to the proper officers the amount of the assessment against their property and which assessment they were challenging, that under sec. 75.62 (1), Stats., regulating the conditions for actions or special proceedings to set aside any sale of land for the nonpayment of taxes, etc., and requiring prepayment before commencing any action, that this one should be dismissed. Were there substance to such objection it should have been presented to the trial court, and we decline to consider it now.

*By the Court.*—Judgment affirmed.