SILGEN and others, Appellants, vs. CITY OF FOND DU LAC and others, Respondents.

*May 26—June 21, 1937.*

For the appellants there was a brief by *Hill, Beckwith & Harrington* of Madison and *Evrard & Evrard* of Green Bay, and oral argument by *Raymond E. Evrard* and *Carl N. Hill. Allan L. Edgarton,* city attorney, for the respondents.

FOWLER, J. The plaintiffs' contentions may be stated as that the ordinance reducing salaries is void, (1) because not pursuant to a "recommendation" of the board of fire and police commissioners; (2) because not made at the first meeting of the council in February; (3) because the board of fire and police commissioners was not legally constituted. The

defendants contend by motion to review that, (4) their motion to quash the alternative writ should have been granted. This contention of the defendants will be first considered.

(4) The defendants claim that *mandamus* will not lie to compel the issuance of orders upon the city treasury unless it appears that there are funds in the treasury to pay them, and as the petition did not allege the existence of such funds, their motion to quash should have been granted. The premise of the defendants is correct. *State ex rel. Brown v. Slavan,* 11 Wis. 160; *State ex rel. Gericke v. Mayor and Common Council,* 99 Wis. 322, 327, 74 N. W. 783; *State ex rel. Redenius v. Waggenson,* 140 Wis. 265, 268, 122 N. W. 726; *State ex rel. Van Lyssel v. Scheuring,* 154 Wis. 93, 96, 141 N. W. 1001. However, it does not necessarily follow, because the remedy of *mandamus* was invoked, that the court is precluded from granting such relief to the parties as the allegations of the petition and proofs upon trial show them to be entitled. We recently granted relief as upon a complaint for a declaratory judgment in a case wherein the remedy invoked was *mandamus.* *State ex rel. Young v. Maresch, ante,* p. 225, 273 N. W. 225. Without approving the use of the remedy of *mandamus,* except in cases where it clearly lies, we consider that in the instant case the public interests will be better, because more quickly, served by following the course adopted in the *Young Case, supra.*

(1) The petitioners' main assignment of error is that the ordinance reducing their salaries is void because sec. 62.13 (7), Stats., provides that while the city commissioners may fix the salaries of the members of the fire and police departments, they cannot reduce them except on the recommendation of the board of fire and police commissioners, and they claim that the action of the latter board in that respect did not recommend and therefore did not confer authority to make the reduction.

The final action of the board in that respect was to pass a resolution on November 2, 1932, by a vote of five to one,

that the "council be permitted to reduce salaries of police and fire department by such per cent as council shall deem proper after careful study and survey." The petitioners claim that this resolution did not confer authority to reduce, because it made no recommendation, and because it fixed no amount below which the council could not go. It was held in *Van Gilder v. Madison*, 222 Wis. 58, 267 N. W. 25, 268 N. W. 108, that where the board of fire and police commissioners recommended a reduction to a specified amount, the council were not limited to reduction to that particular amount, but could reduce to such amount as they saw fit, provided they did not go below the amount recommended. The resolution of the board of fire and police commissioners in the instant case plainly purported to authorize a *reduction*. The statute does not require that the board shall designate the amount to which council may reduce. It merely provides that the council may not reduce "without a previous recommendation of the board." There is no doubt that the instant resolution was intended by the board to authorize the council to make a reduction. It expressed its consent to a reduction. The resolution in the *Van Gilder Case* made no "recommendation" but only "suggested" a reduction. Because this was intended as a compliance with the statute, it was held to warrant a reduction in view of the purpose of the provision of the statute, which is merely "to lodge a degree of control over the police and fire departments and so prevent the disorganization and deterioration of the departments." So here. The board signified its consent to such reduction as the council should determine upon "careful study and survey." The action of the board was taken because of a request from the council that the board recommend a reduction to the council because of the condition of the city finances, which are under the general control and administration of the council. We are of opinion that the purpose of the statute was here properly fulfilled. The board cannot be presumed to have intended to authorize disorganization of the department. We

cannot impute to it contemplation that the members of the department would refuse to accept the reduction made by the council, and resign in a body, disorganize the departments, and leave the city and its inhabitants without fire and police protection. We should rather impute to it belief and knowledge that the members would accept any reduction made by the council, and continue to perform their duties notwithstanding the reduction, and this belief was justified by the fact that there were no resignations or defaults of duty, but the members remained and continued to perform their duties for over three years without making any claim that the reduction was illegal. It is true that the members protested a twenty per cent reduction, and that two days after the resolution was passed the members signed an offer to accept a reduction of ten per cent which was filed by the board and referred by the board to the council. This, of course, does not validate the action of the council if it was. void, but it shows that the resolution was then interpreted by all concerned as complying with the requirement of the statute and as being compliance. The record also discloses that after the resolution was introduced, a motion was made to substitute a resolution for a twenty per cent reduction of all salaries. This was lost by a three to three vote, and the resolution was then adopted by a vote of five to one, as above stated. Thus, the matter of a twenty per cent reduction was directly before the board. While the actions taken indicate that the board itself, on the information before it, did not wish to recommend such a reduction, they do indicate that the board was willing that such reduction be made if the council on "careful study and survey" found it proper to make it.

(2) The contention here is that as the resolution reducing salaries was adopted at a meeting of the council in January, it is void because sec. 62.09 (6) (b), Stats., provides that

"the council shall at its first regular meeting in February, fix the amount of salary of each officer entitled to a salary who may be elected or appointed during the ensuing year which shall not be increased or diminished during his term of office." This statute does not apply because, assuming but not deciding that plaintiffs are "officers" of the city, none of the plaintiffs were "elected or appointed" during the year in which the ordinance was adopted. Nor were they elected or appointed for any "term." Their tenure on being appointed is until removed for cause. Sec. 62.13, Stats.

(3) The contention here is that the board of fire and police commissioners is illegally constituted, because it consists of six members instead of five, and because the mayor is a member of the board. The membership of the board is governed by secs. 62.13 (1) and 63.05 (6), Stats. The former provides for five citizens on the board. The latter provides that in cities under the commission form of government the council shall annually select one of its own members to act as a member of each of the boards and commissions existing under the statutes. The mayor is a member of the city council. Sec. 63.04 (1), Stats. The mayor in the instant case was selected by the council as the one of its members to act as a member of the board of fire and police commissioners. Under the statutory provisions above referred to, we are unable to perceive any defect in the constitution of that board. Were this not so, the plaintiffs could not in this action attack the validity of the board's action. It is at least a *de facto* board and its acts as such are valid. 2 McQuillin, Mun. Corp. §§ 504, 505; *State ex rel. Bloomer v. Canavan,* 155 Wis. 398, 145 N. W. 44; *State ex rel. Sisson v. Kalk,* 197 Wis. 573, 223 N. W. 83.

*By the Court.*—The judgment of the circuit court is affirmed.